## GEORGIA B. ROGERS, Appellant, v. DAVID B. ROGERS et al.

### Division Two, May 25, 1915.

1. **TORT: Married Woman: Action Against Husband for Damages.** A married woman cannot maintain an action against her husband for a personal tort committed by him against her during coverture; for instance, she cannot maintain an action against him for damages for false imprisonment in causing her to be committed to, and for several months detained in, an insane asylum. She could not maintain such an action at common law, and the Married Woman's Acts have not created any new right for her in that regard.

2. ———: ———: **Sec. 1735.** Section 1735, Revised Statutes 1909, which first appeared in its present form as section 3468, Revised Statutes 1879, whether it be considered as a statute of procedure only, since it first appeared as an amendment to the general civil code, or as creating new civil rights, cannot be held to grant to a married woman any greater power than its terms express, namely, that a married woman may, without joining her husband, maintain any action she could have maintained if unmarried, or that she may, independent of her husband, bring an action which, under a state of facts authorizing her to sue, he could have brought.

3. ———: ———: **Sec. 8304: Only Rights Enjoyed By Husband.** The Married Woman's Act of 1889 gave a married woman the right to sue and contract, etc., and definitely declared the purposes, and the extent to which, she shall be deemed a

*femme sole*, but does not attempt to confer greater rights on her than are possessed by her husband; and as he cannot sue her for personal torts committed by her against him, she cannot, for an equal or more obvious reason, maintain an action for damages for a personal tort committed by him against her.

4. ———: **Action Against Husband and Other Tortfeasors.** Tortfeasors are jointly and severally liable for their torts, whether acting alone or jointly with others in committing them; and while a married woman cannot maintain an action against her husband for a personal tort committed by him against her during coverture, she can maintain such an action against others who joined with him in committing the tort, and her petition cannot be dismissed as to them upon demurrer on the ground that it charges that they co-operated and acted in concert with him in committing the wrong.

5. ———: ———: **Failure to Dismiss as to Husband.** The failure of the wife, who has brought suit for damages for a personal tort against her husband and other tortfeasors, to dismiss as to him, cannot be used as a shield to protect such other tortfeasors, nor to prevent the rendition of a judgment according to the merits for or against them; and on appeal by plaintiff from a judgment sustaining a demurrer to the petition, a failure to dismiss as to her husband will not prevent a reversal as to such other tortfeasors, but the ruling will be such as to effect a dismissal as to him, and a reversal and a remanding of the cause for trial as to the others.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED AS TO DAVID B. ROGERS; REVERSED AND REMANDED AS TO OTHER DEFENDANTS.

*William S. Herndon* and *Erasmus C. Hall* for appellant.

(1) The petition states a cause of action against defendants Frank H. Fulton and C. M. McConkey. Stanley v. Union Depot Co., 114 Mo. 606; and cases cited under next point. (2) The petition states a cause of action against the defendant Leroy A. Kelly, and there is no misjoinder of defendants. Dulaney v.

Buffum, 173 Mo. 1; Allred v. Bray, 41 Mo. 484; Murphy v. Wilson, 44 Mo. 313; Welsh v. Stewart, 31 Mo. 376; Meade v. Railroad, 68 Mo. App. 92; Walters v. Hamilton, 75 Mo. App. 237; McDonald v. Railroad, 165 Mo. App. 75; Allen v. Forsythe, 160 Mo. App. 262. (3) The petition states a cause of action against David B. Rogers, the same as against the other defendants, though he was the husband of plaintiff at the time. (4) Since the enactment of the "Married Women's Acts," Sec. 3468, R. S. 1889, now Sec. 1735, R. S. 1909, and Sec. 6864, R. S. 1889, now Sec. 8304, R. S. 1909, a married woman may sue and be sued as a *feme sole* in actions at law and in equity. Rice, Stix & Co. v. Sully, 176 Mo. 107; Grimes v. Reynolds, 184 Mo. 679; Beagles v. Beagles, 95 Mo. App. 338; Todd v. Terry, 26 Mo. App. 598; Winn v. Riley, 151 Mo. 61; Grimes v. Reynolds, 94 Mo. App. 576; Woodward v. Woodward, 148 Mo. 241; Smoot v. Judd, 161 Mo. 686; Bank v. Hageluken, 165 Mo. 443. (5) And she may sue her husband at law, for a tort committed by him. Beagles v. Beagles, 95 Mo. App. 338; Rice, Stix & Co. v. Sully, 176 Mo. 129; Clow v. Chapman, 125 Mo. 107; Grimes v. Reynolds, 184 Mo. 693; Bank v. Hageluken, 165 Mo. 443; Hudson v. Wright, 204 Mo. 413; Montgomery v. Montgomery, 142 Mo. App. 486; O'Day v. Meadows, 194 Mo. 614; Rossier v. Railroad, 115 Mo. App. 520; Brown v. Brown, 89 Atl. (Conn.) 889. (6) Plaintiff's cause of action is a "personal tort," and having grown out of a violation of her personal rights in her separate property. R. S. 1909, secs. 8309, 8304; Tyler v. Tyler, 78 Mo. App. 243; Woodward v. Woodward, 148 Mo. 241. (7) "The maxim of law, that wherever there is a right there is a remedy, is a mere truism; for, as Lord Holt said, it is a vain thing to imagine a right without a remedy; for want of right and want of remedy are reciprocal." Cooley on Torts, p. 19.

*John A. Coss* and *Frost & Frost* for respondents.

(1) The law enabling the wife to sue and be sued as a *femme sole* does not authorize her to successfully maintain an action for damages for personal injuries against her husband. 21 Cyc. Law & Proc., pp. 1517-1518; 15 Am. & Eng. Ency. Law, p. 857; Smith v. Gorman, 41 Me. 408; Small v. Small, 129 Pa. 372; Peters v. Peters, 108 Iowa, 540, 75 Am. St. 273; Libby v. Berry, 74 Me. 286, 43 Am. Rep. 589; Abbott v. Abbott, 67 Me. 304, 24 Am. Rep. 27; Brandfield v. Brandfield, 117 Mich. 80, 72 Am. St. 550; Abbe v. Abbe, 48 N. Y. Supp. 25; Strom v. Strom, 98 Mich. 427, 116 Am. St. 387; Thompson v. Thompson, 218 U. S. 611; Frankel v. Frankel, 173 Mass. 214, 73 Am. St. 266; Webb's Pollock on Torts, p. 65; Cooley on Torts, p. 267; Main v. Main, 46 Ill. App. 106. (2) The court was right in sustaining the demurrer of defendants, Fulton and McConkey. (a) When torts are intentional, and independent of each other, though their combined influence may result in an injury, there is no joint liability. The pleader must therefore plead and prove conspiracy. Barton v. Barton, 119 Mo. App. 531; Nichols v. Nichols, 147 Mo. 389; Love v. Love, 98 Mo. App. 570. (b) These defendants being jointly charged with the husband, D. B. Rogers, with a commission of a personal tort upon the wife, and the husband not being liable therefor, there was a misjoinder of parties apparent upon the face of the petition. And when there is a misjoinder of parties apparent upon the face of the petition, it must be taken advantage of by demurrer. Fulwiler v. Gas L. & P. Co., 216 Mo. 591; McCauley v. Brady, 123 Mo. App. 558; Love v. Love, 98 Mo. App. 570. (c) This being a suit for an intentional tort there could be no joint liability without conspiracy, and these defendants are improperly charged with entering into a conspiracy with the husband of the plaintiff, who is

not liable, and hence the petition is not only faulty for improper joinder of parties, but it for that reason fails to state a cause of action against these defendants. Libby v. Berry, 74 Me. 286, 43 Am. St. 589.

WALKER, J.—This is an action for damages for false imprisonment in causing plaintiff to be committed to, and for several months confined in, an insane asylum. At the time of the commission of the alleged tort, and when this suit was brought, the plaintiff was the wife of the defendant David B. Rogers. Defendants demurred to the petition. The demurrer of the defendant David B. Rogers was based on the ground that plaintiff's petition disclosed that she was the wife of said defendant at the time of the commission by him of the tort alleged and hence stated no cause of action.

The separate demurrers of the other defendants alleged a misjoinder of parties defendant, and that the defendant David B. Rogers being the husband of plaintiff, the petition stated no cause of action against him or any other defendant charged to have been co-operating with him.

The demurrers, upon a hearing, were sustained, and plaintiff declining to plead further, but electing to stand upon her petition, judgment was rendered for defendants, from which plaintiff appeals.

I.   This case requires an answer to this question:

Action by Wife Against Husband for Tort.   Can a wife maintain a civil action against her hus' and for a personal tort committed by him against her during coverture?

Plaintiff's contention is that she can, under the following statutes, found in Revised Statutes 1909:

"Sec. 1735. A married woman may, in her own name, with or without joining her husband as a party,

sue and be sued in any of the courts of this State having jurisdiction, with the same force and effect as if she was a *femme sole,* and any judgment in the cause shall have the same force and effect as if she were unmarried.''

· ''Sec. 8304. A married woman shall be deemed a *femme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judg-. ments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party: *Provided,* a married woman may invoke all exemption and homestead laws now in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property.''

At the common law neither the husband nor the wife could sue each other, nor could she sue or be sued as a *femme sole.* These rules are necessary consequences of the doctrine of the identity of husband and wife. [21 Cyc. 1517.]

In many of the States the statutes have so modified this doctrine that a married woman may now sue and be sued as a *femme sole,* especially in regard to her statutory separate property. The right of independent action on the part of a married woman having its origin in each jurisdiction in a statute, reference thereto becomes necessary under the law where the remedy is sought, to determine the extent of the right conferred. [Ruhe v. Buck, 124 Mo. 178, 25 L. R. A. 178; Johnson v. Huber, 134 Ill. 511.]

Governed by the rule that the extent of the right conferred must be determined by the law where the

remedy is sought, an analysis of the Missouri statutes above quoted becomes of prime importance.

Section 1735, supra, is intended, as its terms expressly declare, to give a married woman the same right to sue and be sued as if she were a *femme sole.* This section first appears in its present form as section 3468, Revised Statutes 1879. It is an amendment to a statute which required a married woman, except in certain actions therein specified, to be joined with her husband. Appearing as the section uniformly does, in the general civil code, it may be regarded more as a statute of procedure than otherwise in so far as the purpose of the Legislature may be determined from the arrangement or setting of the act, which we admit, except in its initial enactment, is not always a safe guide to the interpretation of a statute; but, whether construed as a substantive declaration of rights or as a rule of procedure, being of purely statutory origin and in derogation of the common law, it cannot be held to grant any greater power than its terms express, viz., that a married woman may, without joining her husband, maintain any action she could have maintained if unmarried, or that she may, independent of her husband, bring any action which, under a state of facts authorizing her to sue, he could have brought.

Section 8304, supra, first enacted as section 6864, Revised Statutes 1889, in addition to conferring the same powers upon a married woman theretofore possessed by her under section 1735, supra, definitely declares the purposes for, and the extent to which, she shall be deemed a *femme sole,* and also provides that she may, equally with her husband, where he has not exercised the right, invoke the protection of the homestead and exemption laws.

These sections do not attempt to confer greater rights of action upon a married woman than are possessed by her husband, and it has been expressly held in another jurisdiction, under a statute similar in its

material features to the law here, that a husband cannot maintain an action against his wife for injuries inflicted upon him by her deliberately wounding him, under a statute giving her the right to separate property and permitting her to contract with him; that this statute which authorized her to sue and be sued alone, does not in an action between him and her authorize him to sue her for a personal tort inflicted upon him by her. [Peters v. Peters, 156 Cal. 32, 23 L. R. A. (N. S.) 699.]

The history of the origin and development of the law in regard to the relation of husband and wife gives ample proof of the correctness of the above ruling. While the husband's right to sue had its origin in the common law and this right is so general that its prevalence has been crystallized in the familiar maxim that wherever there is a right there is a remedy, it has never been held that he may sue his wife for a personal tort. Whether the absence of this authority is due to the doctrine of the unity created by the marriage relation or to an effort on the part of legislatures and courts to promote harmony or at least lessen the cause of controversy between husband and wife, the non-existence of the husband's right in this regard uniformly prevails. If non-existent in the husband, there are stronger reasons, in the absence of an express statute, why it should be held not to be possessed by the wife. Her rights are purely statutory, and, comprehensive as is our Married Woman's Act in effecting her emancipation from matrimonial bonds so far as her property rights and the right to contract with others and her husband is concerned, and to sue and be sued by him at law (Rice, Stix & Co. v. Sally, 176 Mo. l. c. 128, and cases) and to sue alone in tort for injuries sustained by her through the negligence of others (Elliott v. Kansas City, 210 Mo. 576), there is no authority express or implied in the act given her to sue him for a personal tort.

Courts of last resort, in other States, are practically unanimous in holding that statutes similar in all their essentials to the sections under review should not be given such a construction as to confer the right in question upon a married woman by implication.

The rule is succinctly stated by Judge COOLEY as follows: ''For a personal tort by the husband to her person or reputation, the wife can sustain no action, and she must rely upon the criminal laws for her protection, or seek relief in separation or in proceedings for a divorce. But where, by statute, the wife is given full dominion and control of the property purchased or otherwise acquired by her, the marital relation would not protect the husband against an action for any unlawful interference with the property. But even under these statutes the wife cannot maintain an action against her husband for a personal injury.'' [Cooley on Torts (3 Ed.), p. 474 and notes.]

Later cases in support of the rule thus announced are compiled as annotations to Strom v. Strom, 6 L. R. A. (N. S.) 191; Peters v. Peters, 23 L. R. A. (N. S.) 699; Thompson v. Thompson, 30 L. R. A. (N. S.) 1153, where they may be readily examined without encumbering this opinion with quotations therefrom.

Finding the strong, if not the almost unbroken, current of authority against the contention of plaintiff, we hold that an action for a personal tort committed by a husband against a wife during coverture cannot be maintained under our statutes. As to the wisdom or justice of such statutes, we can judicially have no concern, it being a matter wholly within the purview of the lawmaking power.

II. The correctness of the trial court's ruling in sustaining the demurrers filed by the other defendants than the husband, David B. Rogers, demands our attention. The petition alleges that the defendants jointly conspired and co-operated together in the commission

of the tort of which the plaintiff complains; and the effect of the demurrers of the defendants other than Rogers is that his joinder as a defendant operates to relieve them from liability.

The nature of this action has much to do with the solution of this question. Under the allegations of the petition the defendants are tortfeasors and as such jointly and severally liable, whether acting in concert or independently. [Hubbard v. Railroad, 173 Mo. 249; Stanley v. Railroad, 114 Mo. 606; Murphy v. Wilson, 44 Mo. 313.]. The non-liability of the husband, David B. Rogers, authorized a dismissal as to him at any stage of the proceedings without in any manner changing the cause of action or lessening the liability of the other defendants. Our courts thus announce the rule: ''Where several wrongdoers are charged with the same tort, plaintiff may, at any stage of the proceedings, dismiss as to one or more of them without affecting the merits of the action as to the others.'' [Berkson v. Railway, 144 Mo. 211; Allen v. Forsythe, 160 Mo. App. l. c. 269.] A misjoinder of defendants does not as a rule defeat an action *ex delicto* (Frink v. Potter, 17 Ill. l. c. 411; Swigert v. Graham, 46 Ky. l. c. 662; Keer v. Oliver, 61 N. J. L. 154), and plaintiff's failure to dismiss as to Rogers should not be permitted to act as a shield to protect the other defendants and prevent the rendition of a judgment according to the merits, for or against them. [Kujek v. Goldman, 29 N. Y. Supp. l. c. 295.]

If a dismissal as to Rogers was proper below and did not effect a change in the cause of action or increase the liability of the other defendants, such a ruling is proper here as will effect a dismissal as to him and a reversal and remanding of the case as to the other defendants. [Nickerson v. Nickerson, 65 Tex. 281, 286; Keer v. Oliver, supra.]

265Mo.14

It is therefore ordered that the judgment as to the defendant David B. Rogers be affirmed and this proceeding dismissed as to him, and that the judgment, as to the other defendants, be reversed and the cause remanded for further proceedings in the trial court. All concur.