Maxine ENNIS, by Next Friend, Vena Munday, Appellant,

v.

G. E. TRUHITTE, Administrator of the Estate of Loye Gene Ennis, Deceased, Respondent.

No. 45718.

Supreme Court of Missouri, En Banc.

Nov. 12, 1957.

Edward V. Sweeney, Monett, Emory Melton, Cassville, attorneys for appellant.

Herbert Douglas, Neosho, Arthur C. Popham, Sam Mandell, Kansas City, attorneys for respondent.

Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel.

BARRETT, Commissioner.

This is a suit by a wife, a minor, against the administrator of the estate of her deceased husband. The action is in two counts, the first count seeks damages for negligence in the operation of an automobile in which the plaintiff wife was a passenger and the husband was the driver, and the second count also seeks damages, actual apparently, because the husband's conduct, in the circumstances, was so "gross and reckless" as "to impute willfulness and wantonness and intentional wrongdoing" to him. In general, the allegations of the petition are that the plaintiff wife was a passenger in an automobile driven by her husband on U. S. Highway 71, about 4:30 o'clock in the afternoon, July 15, 1955. The highway was undergoing repairs and the plaintiff's husband ran into the rear of an automobile that had been stopped on the highway by a flagman. As to the first count, the charges of negligence were excessive speed, failure to have the automobile under control, failure to stop, slacken speed or change the course of the automobile, and failure to look. As indicated, as to the second count, it is alleged that the husband's negligence in these respects was so reckless as to constitute willfulness and wantonness. The plaintiff wife, Maxine Ennis, was injured on July 15, 1955, the husband, Loye Gene Ennis, died December 3, 1955, and this action against his administrator was instituted on May 10, 1956. The trial court sustained the administrator's motion to dismiss the petition for the reason that it did not state facts upon which relief could be granted and the plaintiff, by her mother as next friend, has appealed.

In sustaining the motion the trial court was of the view that the case stated in the petition fell within the prohibition of the majority general rule and our prior decisions which deny to one spouse the right to recover against the other for a personal tort committed during coverture. Rogers v. Rogers, 265 Mo. 200, 177 S.W. 382; Willott v. Willott, 333 Mo. 896, 62 S.W.2d 1084, 89 A.L.R. 114; Annotation 43 A.L.R.2d 632, 636. It is not necessary here, except in a limited way, to attempt a reexamination of the rationale of this particular common-law doctrine, that has been done repeatedly and there is, at least in certain types of cases, a "trend" against the common-law rule. 1 Harper & James, Torts, Sec. 8.10, pp. 643–647; Annotation, 43 A.L.R.2d loc. cit. 647. Some of the cases, for example, the instances in which a husband intentionally shoots or kills his wife (Apitz v. Dames, 205 Or. 242, 287 P.2d 585), demonstrate plainly enough the soundness of the trend, but Professor Prosser's vehemence to the contrary notwithstanding (Prosser, Torts, Sec. 101, pp. 674–675), the instances of the simple negligence cases are not so readily persuasive and satisfying. See and compare the views and limitations suggested by one of the earlier, most thoughtful critics of the common-law doctrine. McCurdy, "Torts Between Persons In Domestic Relation," 43 Har.L.R. 1030, 1055 (1930). In this case, the husband being dead and the action having been instituted against his administrator, the reasons of policy upon which the rule is based, the fact of their being husband and wife, have vanished. 1 Harper & James, Torts, Sec. 8.10, p. 645; Prosser, Torts, Sec. 101, p. 674. Hamilton v. Fulkerson, Mo., 285 S.W.2d 642, which permits recovery for a pre-marital tort, inflicted two days before the marriage, bites further into the common-law rule and its basic theory than does this case in which there is no longer a marital relation to disturb.

One additional suggestion may be ventured. Generally the rule is stated to be "that one spouse has no right of action against the other to recover damages for personal injuries caused by the other."

Annotation 43 A.L.R.2d loc. cit. 636; 27 Am.Jur., Secs. 589–594, pp. 191–197. When pushed to do so many of the courts, in applying the common-law rule, have said that it "did not merely disable the wife to sue her husband for tort. It went further and held that actions which between strangers would be tortious, were not torts when committed by husband against wife. That is to say—disability was not procedural only. The wife at ancient common law had no cause of action on which to sue." Apitz v. Dames, supra [205 Or. 242, 237 P.2d 590]; 43 Har.L.R., loc. cit. 1043. In one sense, of course, if one spouse may not sue the other there is no enforceable cause of action, but it belies reality and fact to say that there is no tort when the husband either intentionally or negligently injures his wife. In the contribution cases, where the judgment creditor is the spouse of one of the tortfeasors against whom contribution is sought, liability is denied because the injured person "had no enforceable right of action against the latter." Annotation 19 A.L.R.2d 1003. In the cases involving the liability of a parent for personal torts against a minor child it is said that the true theory of the cases denying the minor's right to recover "seems to be that of disability to sue the parent rather than absence of violated duty." Annotation, 19 A.L.R.2d 423, 426. In the Rogers case, an action for false imprisonment in causing the plaintiff to be confined in an insane asylum, the court did not say that there was no tort; the court, in discussing the married women's acts, said, " * * * we hold that an action for a personal tort committed by a husband against a wife during coverture cannot be maintained under our statutes." Rogers v. Rogers, 265 Mo. loc. cit. 208, 177 S.W. loc. cit. 384. In the Willott case, a suit for personal injuries sustained in an automobile accident, the court, while purporting to follow the Rogers case, said, "At common law neither husband nor wife had a cause of action against the other for injuries to his or her person." Willot v. Willot, 333 Mo. loc. cit. 898, 62

S.W.2d loc. cit. 1085. In Hamilton v. Fulkerson, supra, the court specifically returned to the quotation from the Rogers case. If there was a tort, even though one spouse could not maintain an action against the other for the wrong, the cause of action, as of course, accrued at the time of injury or when the damage "is capable of ascertainment" (V.A.M.S., §§ 516.100, 537.100), and so, contrary to the respondent's argument, there was "a cause of action in being to survive."

It has been frequently pointed out that the married women's acts did not either expressly deny or expressly grant to a wife the right to sue her husband, but it is now recognized that the terminology of the statutes is broad enough to permissively cover the matter. Hamilton v. Fulkerson, supra; 1 Harper & James, Torts, Sec. 8.10, p. 643; Prosser, Torts, Sec. 101, p. 672. And see the interesting and diverting discussion in Smith v. Smith, 205 Or. 286, 287 P.2d 572, decided on the same day and written by the same judge who wrote the Apitz case, but denying to a wife the right to sue her husband under the Oregon guest law for an injury inflicted "in a grossly negligent manner and in reckless disregard of the rights of the plaintiff." In addition to the married women's acts the survival statutes, as indicated, provide that "Causes of action for personal injuries * * * shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued." V.A.M.S. § 537.020. The fact that the following section, V.A.M.S. § 537.030, expressly excludes "actions for slander, libel, assault and battery or false imprisonment" and does not mention tort actions between husband and wife is of some force and significance.

In the two cases specifically in point, the Rogers and Willott cases, the actions were instituted against the husbands directly and the marriages had not been dissolved. The circumstances of this particular case do not infringe any reasons of policy, the

married women's acts and the survival statutes do not preclude the action, and the facts alleged in the petition, if accepted, state a cause of action. Hamilton v. Fulkerson, supra; Franklin v. Wills, 6 Cir., 217 F.2d 899; Davis v. Smith, D.C., 126 F. Supp. 497; Mullally v. Langenberg Bros. Grain Co., 339 Mo. 582, 98 S.W.2d 645; Steggall v. Morris, 363 Mo. 1224, 258 S.W. 2d 577. Accordingly the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court en banc.

All concur, except EAGER, J., who dissents in separate opinion filed; and HYDE, J., who dissents and concurs in dissenting opinion of EAGER, J.

EAGER, Presiding Judge (dissenting).

I agree with the statement in the foregoing opinion that it "belies reality" to say that there is no tort when the husband negligently or intentionally injures his wife; but, whatever the theory our courts have, over a long period of years, imposed a strict rule of disability upon the wife forbidding her from suing the husband for torts. Apparently, the majority of states still adhere to such a rule. I think that the rule is based upon a sound public policy. It is true that this case perhaps does not violate that rule to the same extent as does the decision in Hamilton v. Fulkerson, Mo., 285 S.W.2d 642. That case was decided in Division One of this court and the writer of this opinion had no part in it.

As stated by Prosser (Torts 2nd Ed., § 101, p. 675), the liberalizing of this rule of disability has been "encouraged by the presence of liability insurance in automobile cases * * *." That, to me, is a very poor reason for changing the rule. It is true that there are somewhat logical arguments in favor of change; but I fear

that this has been influenced more, both here and in the other minority jurisdictions, by the reasons of expediency just suggested, than by the logic of the situation. Once the disability is removed, the right to sue cannot be confined to automobile negligence cases.

If the rule which we have heretofore followed is to be abruptly abandoned, I think that the change might better come from the legislature than from the courts. This face-about has far-reaching implications, and the result would seem with equal logic to permit suits by children against parents and husbands against wives. For these reasons, I dissent.

HYDE, J., concurs.