Frances DEATHERAGE, Appellant,

v.

Henry DEATHERAGE, Respondent.

No. 46917.

Supreme Court of Missouri,

Division No. 1.

Nov. 9, 1959.

Albert Thomson, Al Lebrecht, Rodger J. Walsh, Tom J. Helms, Kansas City, for appellant. Davis, Thomson, Vandyke & Fairchild, Kansas City, of counsel.

Sam Mandell, Kansas City, for respondent. Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel.

COIL, Commissioner.

Appellant, the plaintiff below, brought an action against her husband seeking $25,000 as damages for alleged personal injuries which she averred she sustained as a result of her husband's negligence, while they were husband and wife, in the operation of an automobile in which she was a passenger.

The trial court dismissed plaintiff's petition on the ground that the wife could not maintain an action against her husband for a personal tort committed during the marriage. Plaintiff has appealed from the judgment of dismissal.

The question presented on this appeal has been answered by the court en banc in Brawner v. Brawner, Mo., 327 S.W.2d 808, 810. The question there was "whether a husband can maintain a civil action for damages against his wife for personal injuries resulting from negligent acts committed by the wife during the marriage." The court en banc, the chief justice dissenting, said:

"In the present state of the law, one spouse is not permitted to maintain this type of action against the other because of the common-law rule of immunity. Section 1.010 RSMo 1949. This is true notwithstanding the recent cases of Hamilton v. Fulkerson, Mo., 285 S.W.2d 642, and Ennis v. Truhitte, Mo., 306 S.W.2d 549, in which cases it was held that the rule did not apply because of the special circumstances of those cases. The Married Women's Act has been construed on several occasions as not authorizing actions for personal torts between spouses. It has not been demonstrated that this court is in a better position to interpret the legislative intent of these statutes than the courts that decided the Rogers case [Rogers v. Rogers, 265 Mo. 200, 177 S.W. 382] in 1915 and the Willott case [Willott v. Willott, 333 Mo. 896, 62 S.W.2d 1084, 89 A.L.R. 114] in 1933. It may well be that this court would reach a different conclusion if it were construing similar statutes enacted in a modern day setting; but we are not at liberty to say that these prior decisions do not correctly interpret the legislative intent of 1889. * * *" 327 S.W.2d 811.

"Assuming, however, that this court is free to declare the public policy and change the rule in this kind of case, * * *" 327 S.W.2d 813.

"The common-law rule of spousal immunity from suit for a personal tort has been in existence during the entire period of Missouri statehood. It affects more than private rights, 26 Am.Jur. 633, Husband and Wife § 4, and should not be lightly disturbed. The appellant urges that the rule is so 'out of step with modern conditions' that it should be abrogated by the court. We refrain from doing so. If the public interest requires a change, we believe, for the reasons stated, that it should be made by the general assembly." 327 S.W.2d 814.

The only difference in this and the Brawner case is that here a wife sought to maintain the personal tort action against her husband, while in the Brawner case it was a husband against his wife. It is apparent from the portions of the opinion quoted above that the ruling of the Brawner case applies irrespective of which spouse is plaintiff. That case held that the "common-law rule of spousal immunity from suit for a personal tort" was and would remain the law of this state unless changed by the general assembly.

No reason is asserted by the instant appellant to support her contention that she may maintain this action which was not fully considered and ruled adversely to her by the court en banc in Brawner v. Brawner, supra.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.