**Randalin Ferguson EBEL, Plaintiff-Appellant,**

v.

**Stephen N. FERGUSON et al., Defendants-Respondents.**

**No. 57125.**

Supreme Court of Missouri, En Banc.

April 10, 1972.

Robert L. Shirkey, Shirkey, Morris & Cox, Kansas City, for plaintiff-appellant.

George T. O'Laughlin and Miller & O'Laughlin, Kansas City, for defendants-respondents.

DONNELLY, Judge.

Plaintiff, Randalin Ferguson Ebel, and defendant, Stephen N. Ferguson, were married December 22, 1961. On May 1, 1966, while a passenger in an automobile operated by her husband, plaintiff was injured when a collision occurred with another automobile. Plaintiff and defendant Ferguson were divorced March 1, 1967. Plaintiff filed this suit on October 3, 1969. The trial court sustained Ferguson's motion for summary judgment. An appeal was taken to the Kansas City Court of Appeals and the case was transferred by said Court to this Court "because of the general interest in and importance of the question of plaintiff's right to maintain this action."

The question presented is whether, after divorce, a former wife may recover damages from her former husband for a wrongful act committed during marriage.

V.A.M.S. § 1.010, first enacted January 19, 1816, in substantially its present form, reads as follows:

"The common law of England and all statutes and acts of parliament made prior to the fourth year of the reign of James the First, of a general nature, which are not local to that kingdom and not repugnant to or inconsistent with the Constitution of the United States, the constitution of this state, or the statute laws in force for the time being, are the rule of action and decision in this state, any custom or usage to the contrary notwithstanding, but no act of the general assembly or law of this state shall be held to be invalid, or limited in its scope or effect by the courts of this state, for the reason that it is in derogation of, or in conflict with, the common law, or with such statutes or acts of parliament; but all acts of the general assembly, or laws, shall be liberally construed, so as to effectuate the true intent and meaning thereof."

"At the common law the husband and wife were regarded as one." (Thompson v. Thompson, 218 U.S. 611, 614, 31 S.Ct. 111, 54 L.Ed. 1180.) As a result, at "common law, a tort committed by one spouse against the person or character of the other does not give rise to a cause of action in favor of the injured spouse." (41 Am. Jur.2d, Husband and Wife, § 522.)

In Rogers v. Rogers, 265 Mo. 200, 204, 208, 177 S.W. 382, 383, 384 (1915), this Court held that a wife cannot *maintain* a civil action against her husband for a wrongful act committed by him against her during coverture.

The *Rogers* holding has been followed consistently by this Court in cases involving wrongful acts committed, *and* claims asserted, while plaintiff and defendant were husband and wife. Willott v. Willott, 333 Mo. 896, 62 S.W.2d 1084; Brawner v. Brawner, Mo.Sup., 327 S.W.2d 808; and Deatherage v. Deatherage, Mo.Sup., 328 S. W.2d 624.

In Hamilton v. Fulkerson, Mo.Sup., 285 S.W.2d 642, this Court held that a wife could maintain an action against her husband during marriage, for a wrongful act committed prior to marriage.

In Ennis v. Truhitte, Mo.Sup., 306 S.W. 2d 549, this Court held that a widow could maintain an action against the administrator of the estate of her deceased husband for a wrongful act committed by him during marriage.

Plaintiff urges that her marriage was as effectively terminated by divorce as, in *Ennis*, the marriage was terminated by death; and that *Ennis* should control our disposition of this case. Plaintiff's contention demands reexamination of the law in Missouri.

In 15 Modern Law Review 133, at 140 and 141 (1952), Professor O. Kahn-Freund of the University of London observed:

"It is apposite, as in the case of contracts, to distinguish between the substantive and the procedural aspects of the doctrine of unity at common law. Two rules, it is submitted, should be clearly kept apart:

"(1) No act committed by one spouse against the other during marriage could be a tort. [Phillips v. Barnett (1876) 1 Q.B.D. 436.]

"(2) Neither spouse could sue the other during marriage or continue, during marriage, proceedings started before.

"The first of these rules precluded any claim in respect of a wrongful act alleged to have been committed during marriage by the husband against the wife or by the wife against the husband, no matter when the claim was raised. It made it impossible for the husband to claim, against his deceased wife's estate, damages for a tort alleged to have been committed by her, even in so far as the case would have come within those exceptions which the common law had grafted upon the rule *actio personalis*

*moritur cum persona.* The same would have been true of a similar claim made by the widow against the husband's estate, or by the personal representative of either spouse against the surviving spouse. The present writer has been unable to find an actual decision to this effect, but the matter is put beyond all doubt by Phillips v. Barnett where a woman's attempt to sue her husband after divorce for an assault alleged to have been committed during the marriage was defeated by the rule of the common law against tortious liability between husband and wife. It was the substantive rule alone and not the procedural rule which determined the matter, because the action was not one between husband and wife.

"The second, *i. e.,* the procedural, rule made it impossible for either spouse to sue the other in tort as long as they were married, irrespective of whether the tort was alleged to have been committed before or during marriage. It is impossible to say whether marriage destroyed, as a matter of substantive law, the right to recover damages for a pre-nuptial tort which at the time of the marriage was vested in either spouse against the other. The question did not arise because the procedural principle sufficed to determine the issue."

In *Rogers,* and subsequent cases, this Court has spoken of *maintaining* an action, of spousal *immunity* as though equated with parent-child *immunity* and charitable *immunity,* and of changing *public policy.*

We must acknowledge that the language used in our cases is misleading insofar as it (1) fails to recognize that, at common law, on the basis of the concept of "unity of the spouses," no cause of action *came into existence* as the result of the commission of a wrongful act by one spouse against the other; (2) as a result, projects and treats the question of "tort" liability between spouses as one of *procedural* law and not of *substantive* law; and (3) leaves the inference that the question is one of "immunity," procedural in nature, which this Court created "for the public good" and can now abrogate "for the public good."

This Court, on occasion, will fashion a *remedy.* We are extremely reluctant to *create* a cause of action not recognized at common law. (Cf. Bates v. Sylvester, 205 Mo. 493, 104 S.W. 73; and Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920.) V.A.M.S. 1.010, by adopting the common law, implants in Missouri the common law concept that a wrongful act between spouses does not give rise to a cause of action. The General Assembly may, of course, change the law. If it does, it must do more than provide a remedy. It must create a cause of action.

The *Rogers, Willott, Brawner,* and *Deatherage* cases reached a correct result, in denying recovery, because the wrongful acts involved were committed during the marriage and, under the common law, no cause of action came into existence. The *Hamilton* case reached a correct result, in permitting recovery, because the wrongful act involved was committed prior to the marriage, a *substantive* cause of action existed prior to marriage, and a statute (V.A.M.S. § 451.250) furnished *procedural* authority to maintain the action. The *Ennis* case reached an incorrect result, in permitting recovery, because the wrongful act involved was committed during the marriage, and no cause of action came into existence during the marriage. The death of the husband could not create a cause of action in the widow when none existed before the death.

We hold that, after divorce, a former wife may not recover damages from her former husband for a wrongful act committed during marriage. The *Ennis* case, supra, should no longer be followed.

There is nothing novel about the position we take today or the basis for it. In Callow v. Thomas, 322 Mass. 550, 78 N.E.2d

637, 638 (1948), the Supreme Judicial Court of Massachusetts said:

"That no cause of action arises in favor of either husband or wife for a tort committed by the other during coverture is too well settled to require citation of authority. Recovery is denied in such a case not merely because of the disability of one spouse to sue the other during coverture, but for the more fundamental reason that because of the marital relationship no cause of action ever came into existence. That this is so is revealed by the fact that it has uniformly been held that even after divorce no action can be maintained by either spouse for a tort committed by the other during coverture. Phillips v. Barnet, 1 Q.B.D. 436; Abbott v. Abbott, 67 Me. 304, 24 Am.Rep. 27; Bandfield v. Bandfield, 117 Mich. 80, 75 N.W. 287, 40 L.R.A. 757, 72 Am.St.Rep. 550; Strom v. Strom, 98 Minn. 427, 107 N.W. 1047, 6 L.R.A.,N.S., 191, 116 Am.St.Rep. 387; Lillienkamp v. Rippetoe, 133 Tenn. 57, 179 S.W. 628, L.R.A. 1916B, 881, Ann.Cas. 1917C, 901; Schultz v. Christopher, 65 Wash. 496, 118 P. 629, 38 L.R.A.,N.S., 780."

The judgment is affirmed.

FINCH, C. J., and HOLMAN, J., concur.

MORGAN, J., concurs in result in separate concurring opinion filed.

HENLEY, J., concurs in result and concurs in separate concurring opinion of MORGAN, J.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of BARDGETT, J.

BARDGETT, Judge.

I respectfully dissent. The particular question presented for determination is whether one spouse may sue the other, after dissolution of the marriage by divorce, for damages sustained by plaintiff allegedly due to the negligence of the defendant, former spouse, which alleged negligent acts and damages were sustained while the two were still married.

The right to maintain the action is denied by the principal opinion purely on the basis that at common law the spouses were regarded as one—unity of the spouses—and that this concept exists today in Missouri by reason of Sec. 1.010, RSMo 1969, V.A.M.S., first enacted in 1816.

In Hamilton v. Fulkerson, Mo., 285 S.W.2d 642, 645, the court said, "Irrespective of statutes, any common-law rule based upon the fiction of the identity of husband and wife, long since contrary to the fact, should not be applied to any 'first impression' fact situation in this state."

In Ennis v. Truhitte, Mo., 306 S.W.2d 549, 550, the majority opinion of the Court en Banc held, "In one sense, of course, if one spouse may not sue the other there is no enforceable cause of action, but it belies reality and fact to say that there is no tort when the husband either intentionally or negligently injures his wife." The dissenting opinion filed by Judge Eager and concurred in by Judge Hyde agreed with the foregoing statement stating, l. c. 552, "I agree with the statement in the foregoing opinion that it 'belies reality' to say that there is no tort when the husband negligently or intentionally injures his wife; * * *."

In Brawner v. Brawner, Mo.Banc, 327 S.W.2d 808 the court held that one spouse could not maintain an action against the other spouse during the marriage for a tort committed during the marriage. This holding, however, was based upon the immunity from suit by one spouse against the other and the immunity was premised upon "public policy" considerations, and not upon the common-law concept of identity of spouses. This is evident from the majority opinion itself without reference to

the dissent filed by Judge Hollingsworth, C. J. Judge Hollingsworth's dissent expresses the view that the legislature of Missouri has set the public policy of this State in the enactment of the Married Women Acts, particularly Secs. 451.250 and 451.290, RSMo 1969, V.A.M.S., and that pursuant to said legislation one spouse could maintain an action in tort against another for intentional or negligent injury inflicted by one on the other during coverture. It is not necessary to the decision in the instant case to decide the question presented in Brawner, for here the marriage was ended by divorce and it was after the divorce that the tort action was instituted. Nevertheless, the dissenting opinion of Judge Hollingsworth in the Brawner case is, in my opinion, sound. I will not undertake to summarize Judge Hollingsworth's dissent for to do so, in my opinion, may understate the clarity of the total dissenting opinion. Those interested may read it in full.

I believe that it is a serious step backwards to decide the issues in the instant case based upon the concept of unity of spouses when that concept has been, on several occasions, knowingly rejected as a sound basis for the determination of issues similar to the one here involved. See cases cited supra.

The principal opinion in this case makes no mention of Sec. 451.290, RSMo 1969, V.A.M.S. It provides:

"A married woman shall be deemed a femme sole so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party; provided, a married woman may invoke all exemption and homestead laws now or hereafter in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property."

The article in 15 Modern Law Review 133 relied on by the principal opinion sets forth the wording of Section 12 of the Married Women's Property Act of 1882 of the English Parliament. It provides as follows:

"Every woman, whether married before or after this Act, shall have in her own name against all persons whomsoever, including her husband, the same civil remedies. . . . for the protection and security of her own property, as if she were a femme sole, but, subject as aforesaid, *no husband or wife shall be entitled to sue the other for a tort.*" L. c. 148. (Emphasis mine.)

Nowhere in our statute, Sec. 451.290, supra, does there appear any provisions that maintain in existence intra-spousal immunity from suit in tort, whereas the English Act of 1882 does expressly except that type of action from the otherwise general provision of the English Act.

The Missouri statute, supra, is in derogation of the common law and should be recognized as such. Section 1.010, V.A.M.S. cited in the principal opinion concludes with the words " * * * but all acts of the general assembly, or laws, shall be liberally construed, so as to effectuate the true intent and meaning thereof."

The English lawmakers apparently recognized the broad scope of Sec. 12 of the Act of 1882, supra, and, because of such recognition knew that, unless the exception regarding suits between spouses for a tort was specifically stated, the suit would be authorized. Had the Missouri legislature intended to except tort actions from the otherwise general provisions of Sec. 451.290, supra, it could have done so. See the dissenting opinion of Hollingsworth, C. J., in Brawner, supra, for a review of legislative acts of other states.

For the foregoing reasons the instant case should not be decided on the basis of the common-law concept of unity of spouses, but the Court should consider the issues upon the same basis that Ennis v. Truhitte, supra, was decided, unless the Court were to hold that Sec. 451.290, supra, does not except from its provisions suits in tort between spouses. I am of the opinion that Sec. 451.290 does not except from its provisions tort actions between spouses. If the General Assembly of Missouri desires to amend the present law so as to except from its provisions actions in tort between spouses it can do so by legislative enactment, the same as the Illinois legislature has done. Brandt v. Keller, 413 Ill. 503, 109 N.E.2d 729 was decided by the Supreme Court of Illinois January 19, 1953 and held that the Married Women's Act of Illinois did not exclude tort actions between spouses from its general provisions. Within six months of that decision the legislature of Illinois amended the Act and provided that "neither husband nor wife may sue the other for a tort to the person committed during coverture." Ch. 68, Sec. 1 Smith-Hurd Illinois Annot. Statutes.

For the foregoing reasons I would reverse the judgment of the trial court sustaining defendants' motion for summary judgment and remand the cause for trial on the merits.

MORGAN, Judge.

I concur in the result reached in the principal opinion but not for the reasons stated therein.

First, I believe relief should be denied in the instant case as a matter of "public policy," which has been defined as: ". . . that principle of law which holds that no one can lawfully do that which tends to be injurious to the public or against the public good; it is synonymous with the 'policy of the law' and 'the public good.' [Citations]" Brawner v. Brawner, Mo., 327 S. W.2d 808, 812[5]. Such principle is indeed applicable to the facts now presented. For

instance, most all of the ever increasing number of divorce cases are resolved by court decrees wherein consideration is given to property settlements, alimony and child support based on the financial status of the parties; and, to allow the action now in question, would tend to shatter the bases of all such divorce decrees and open the door to a vindictive rehash of marital difficulties presumably settled by such decrees.

Second, I cannot conceive of any necessity or advantage to litigants or the courts, which resolve their conflicts, in returning to the rigidity of the concept of "unity of the spouses." A review of the decisions cited in the principal opinion reflects the considered thought given the problem through the years by this court, and to me they appear to have met the needs of a modern day society within the legal principles therein announced.