**Jacqueline WYATT et al.,
Plaintiffs-Appellants,**

v.

**Bryan Charles BERNHOESTER and
Weslie A. Wyatt, Sr.,
Defendants-Respondents.**

No. 40478.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 19, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 13, 1979.

Application to Transfer Denied
Sept. 11, 1979.

Newman & Bronson, Leo M. Newman, St. Louis, for plaintiffs-appellants.

Evans & Dixon, William Evans, Gerre S. Langton, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for Weslie A. Wyatt, Sr.

F. Douglas O'Leary, St. Louis, for Bryan Charles Bernhoester.

CRIST, Judge.

Case on abrogation of interspousal and parental immunities in tort.

Plaintiffs, wife and two minor children, filed suit against wife's husband and minors' father, alleging that husband-father was jointly negligent with another defendant in causing injuries to plaintiffs by reason of an automobile collision. The petition alleged that none of the claims exceeded the amount of insurance coverage available to the husband-father.

Husband-father filed a motion for summary judgment claiming the doctrines of interspousal immunity and parental immunity barred the plaintiffs' cause of action. Plaintiffs and defendant-husband stipulated that: (1) Plaintiff-wife and defendant-husband were married to each other at the time of the accident and continuously thereafter; (2) Plaintiff-wife and defendant-husband were the parents of the unemancipated minor plaintiffs Weslie, Jr. and Tammy; and (3) all plaintiffs and defendant-husband lived together as a family.

The trial court granted summary judgment to the husband-father. We find no error.

■ May a spouse maintain an action against his or her spouse for a personal tort which occurred during coverture? Our Supreme Court has answered this question in the negative. *Ebel v. Ferguson,* 478 S.W.2d 334, 336 (Mo. banc 1972); *Deatherage v. Deatherage,* 328 S.W.2d 624, 625 (Mo.1959); *Brawner v. Brawner,* 327 S.W.2d 808, 814 (Mo. banc 1959); *Willott v. Willott,* 333 Mo. 896, 900, 62 S.W.2d 1084, 1086 (1933); and *Rogers v. Rogers,* 265 Mo. 200, 208, 177 S.W. 382, 384 (1915).

■ May an unemancipated minor child maintain an action for personal tort, involving only negligence, against a parent with whom such child is living? Our Supreme Court has also answered this question in the negative. *Bahr v. Bahr,* 478 S.W.2d 400, 402 (Mo.1972); *Brennecke v. Kilpatrick,* 336 S.W.2d 68, 70 (Mo. banc 1960); and *Baker v. Baker,* 364 Mo. 453, 458, 263 S.W.2d 29, 32 (1953).

We are bound by Article V, Section 2 of the 1945 Missouri Constitution to follow the decisions of the Supreme Court of Missouri.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.