In re MARRIAGE OF Raymond Leonard LACEY, Jr. and Mary Margaret Lacey.

Raymond Leonard LACEY, Jr.,
Petitioner-Respondent,

v.

Mary Margaret LACEY,
Respondent-Appellant,

Women Lawyer's Association of Greater St. Louis, Adult Abuse Committee of the Young Lawyer's Section of the Bar Association of Metropolitan St. Louis, Washington University Law School Clinical Law Program, Amici Curiae.

No. 46534.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 6, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 12, 1983.

Richard Goldstein, Cape Girardeau, for Women Lawyer's Ass'n of Greater St. Louis, Adult Abuse Committee of The Young Lawyer's Sec. of the Bar Ass'n of Metropolitan St. Louis, Washington Univ. Law School Clinical Law Program.

STEWART, Presiding Judge.

Raymond Leonard Lacey, Jr. (husband) filed for dissolution of marriage. Mary Margaret Lacey (wife) filed an answer and cross-claim for dissolution and a counterclaim for damages for injuries suffered by reason of an assault upon her by husband.

The counterclaim for the intentional tort was dismissed and a decree of dissolution was entered. Wife has appealed.

She complains only of the dismissal of her counterclaim.

We have been favored with a brief by wife and a brief filed on behalf of wife by amici curiae. The respondent did not file a brief.

The issues can be summarized and simply stated: May a spouse maintain an action against the other spouse for injuries resulting from an intentional tort?

The briefs filed on behalf of wife are most comprehensive and wife's argument is persuasive. We, however, are bound by the last controlling case of our Supreme Court. Mo. Const. Art. V, § 2.

Though inroads have been made into the doctrine of interspousal immunity in Missouri [1] a spouse may not maintain an action for personal injuries against the other spouse as a result of an intentional or negligent tort during coverture. *Rogers v. Rogers,* 265 Mo. 200, 204, 177 S.W. 382, 384 (1915); *Ebel v. Ferguson,* 478 S.W.2d 334, 336 (Mo. banc 1972). *See also In Re Marriage of Galloway,* 547 S.W.2d 193 (Mo.App. 1977).

Wife's counsel is cognizant of the Constitutional restriction that requires us to follow *Rogers* and *Ebel* but it has been suggested that we transfer this case to the Supreme Court after opinion for a reexamination of the law.

So far as reexamination of the law is concerned this case has the disadvantage of having only one side of the issue presented by the briefs filed on behalf of appellant.

In *Renfrow v. Gojohn,* 600 S.W.2d 77 (Mo.App.1980) the court followed *Ebel.* It however attached appendices with a comprehensive review of the status of the doctrine of interspousal immunity throughout the United States which we need not repeat in this opinion. All parties were represented in that case and the briefs presented opposing views. In *Wyatt v. Bernhoester,* 585 S.W.2d 130 (Mo.App.1979) this court followed *Ebel* in a case in which opposing views were represented. In each of these cases the Supreme Court denied the application to transfer.

We do not believe that the posture of the case warrants transfer by this court to the Supreme Court.

The judgment of the trial court is affirmed.

SMITH and GAERTNER, JJ., concur.

---

1. *Hamilton v. Fulkerson,* 285 S.W.2d 642 (Mo. 1955) (May sue spouse for tort committed before marriage); *Nebbitt v. Nebbitt,* 589 S.W.2d 297 (Mo. banc 1979) (May sue spouse for conversion of property).