**Dennis A. HOEKSTRA, Rhonda D. Tuck, Walter G. Hoekstra, and Bonnie L. Nevlist, Appellants,**

v.

**Josephine A. JENKINS, as personal representative of the Estate of Thomas Swindel, deceased, Josephine A. Jenkins, LaVada Perkins, Reginald R. Swindel, William H. Swindel, Lina Mae Virginia Swindel, James William Swindel, Virginia Mae Hayes, Marcia Ann Martin, Donald Arthur Swindel, and Douglas Eugene Swindel, Respondents.**

No. 51757.

Missouri Court of Appeals,
Eastern District,
Division Six.

March 31, 1987.

Motion for Rehearing and/or Transfer
Denied May 27, 1987.

Alfred J. Rathert, Fenton, for appellants.

Louis Jerry Weber, Hillsboro, for respondents.

DONALD L. MANFORD, Special Judge.

This is a civil action seeking recovery against a decedent's estate. The judgment is affirmed in part and reversed in part and the cause is remanded.

Three points presented by appellants, in summary, charge the trial court erred (1) in refusing to hear any evidence in said cause; (2) in taking judicial notice of the transcript and file of another proceeding upon its own motion, and (3) in dismissing a claim of plaintiffs for wrongful death upon the doctrine of spousal immunity.

Appellants, plaintiffs below, filed their petition in four counts. Count I was to quiet title to real property. Count II was for accounting. Count III was for partition, and Count IV was for damages for wrongful death.

The pertinent facts are as follows: Thomas Swindel, decedent herein, was previously married to Geraldine Swindel. Appellants are the children of Geraldine Swindel. On February 26, 1982, Geraldine Swindel died. Decedent, Thomas Swindel, was charged in her death with murder, second degree. Thomas Swindel was convicted by a jury of manslaughter. The trial judge at the criminal proceeding was the same judge in the present proceeding. Appellants initiated these proceedings against Thomas Swindel, alleging that he had murdered his wife. The deposition of Thomas Swindel was taken and is part of these proceedings. While his criminal conviction was pending on appeal and these proceedings were pending, Thomas Swindel died, his death occurring on June 21, 1983. On August 3, 1983, Notice of Letters of Administration in the estate of Thomas Swindel were first published. Appellants filed a claim in the estate of Thomas Swindel on December 20, 1983, after failing to substitute parties in their initial or original action. On April 4, 1984, the initial action filed by appellants was dismissed for failure to timely substitute and serve proper parties pursuant to Rule 52.13. The present action was then filed by appellants against the personal representative of the Thomas Swindel estate for wrongful death. On April 17, 1984, appellants filed a claim against the estate of Thomas Swindel with regard to the present proceedings.

This cause was noticed up for trial on November 15, 1985. The parties, with counsel, were present. The following partial transcript reflects what occurred next:

The following proceedings were had and entered of record, to-wit:

THE COURT: This is CV184–243CC, Hoekstra versus Jenkins. All right, who is talking first? Do you want me to say what I think we are doing, or you guys?

MR. RATHERT [appellants' attorney]: Why don't you say what you think we are doing, Judge, and we can go from there.

THE COURT: Okay. This is a five-count lawsuit, I think. Or Maybe four.

MR. RATHERT: Four.

MR. WEBER [Respondents' attorney]: Four.

THE COURT: Four counts. On Count I, as I see it, the issue is—if we were to try this thing today, would be an absolute rehash of a criminal trial held in this very room. So my solution, to avoid the agony of repetition, is: I propose to just simply take judicial notice of what has happened before in this court. We have the transcript of the entire trial, plus the file. I was here. I kind of know what happened. I even remember it. So I am going to simply, on the facts of the matter, take what I've already heard. You are both going to favor me with a legal memorandum on the law as to Count I. Which you both are convinced supports your viewpoint. [sic]

MR. WEBER: First three counts, Judge, I think are all—

THE COURT: Probably. I just haven't got there yet. I think that's all there is to No. I, that I need to do.

MR. RATHERT: Except for the stipulation of facts as we have supplied you with.

THE COURT: It addresses facts in Count I?

MR. RATHERT: Some of those are addressed, from the Probate Court file, and they will be considered by you in Count I.

THE COURT: Yes.

MR. RATHERT: Some of the facts we have stipulated to.

MR. WEBER: For clarification, Judge, we are here this morning on Counts I through III for trial. The stipulation entered into relates to evidence which either or both of us would present were we allowed to proceed with trial in the ordinary manner.

THE COURT: Okay. Then Count II, which is the accounting. Again, other than the circumstances of death, you've covered that in the stipulation, as to what the facts—the evidence would be?

MR. RATHERT: That's correct. I think we have provided for all of the property in that count.

THE COURT: And on that one, also, I think there is legal arguments that the two of you guys agree upon what the law is and will lay on me your opinion.

And on Count III, the partition, as I understand it, didn't you tell me the land has been tentatively sold?

MR. RATHERT: Has been sold.

THE COURT: So we are not worrying about the sheriff running out and selling it?

MR. RATHERT: The division of the money, rather than the sale.

MR. WEBER: Count III, rather than Count I.

THE COURT: Yes, and again the stipulation is going to cover any of the facts that would be adduced by testimony?

MR. RATHERT: That's correct.

The stipulation referred to regarded the disposition of property within the estate of Thomas Swindel and the exhibits agreed to regarding that property disposition. No offer of proof was tendered by any of the parties. The record later reflects the following:

THE COURT: Anything left that we need to address today? Other than the time frame in which you are filing these things?

MR. WEBER: All right. Clarification of the record, I suppose. You said two things, Your Honor. That you were going to take the testimony from the first trial and then you said, also, the file, which I assume is the—the Information and the jury verdict and the instructions and all that. Is it all in under your decision?

THE COURT: I think so.

MR. WEBER: All right. The entire—

THE COURT: There is an awful lot of extraneous in it, too, of course. We save every piece of paper. The notes sent out by the jury asking to go to the bathroom—

MR. WEBER: I understand that.

THE COURT: They are all in there.

MR. WEBER: But we, as counsel, can certainly sift through there and bring up what we want?

THE COURT: Sure.

MR. WEBER: I just want to make sure the whole thing is in for purposes of your decision.

THE COURT: Absolutely. Cover to cover.

MR. WEBER: And I do want to make, also, clear on the record that your decision here with reference to taking the first case was by your decision and not by stipulation of counsel. Is that understood?

THE COURT: I did that to you, right.

MR. WEBER: Thank you, sir. And we reserve any objections we might have for that in the future?

THE COURT: You certainly may.

MR. WEBER: Thank you, sir.

MR. RATHERT: Nothing, Judge.

MR. WEBER: Nothing further.

The deposition of Thomas Swindel was introduced into evidence by agreement of the parties. On April 23, 1986, the trial court entered the following judgment:

## JUDGMENT

On the 15th day of November, 1985, the parties appearing in person and by their respective attorneys, this cause came on regularly to be heard and was called. The cause was thereupon submitted to the court upon the pleadings and proof adduced as to Counts I, II, and

III and upon Defendants' Motion to Dismiss as to Count IV.

Now on this 23rd day of April, 1986, the court, after receiving the evidence and the parties' post-trial memoranda of law, makes the following findings of fact and of law:

1. In order to permit recovery upon Counts I, II and III, there must be proof of an intentional taking of life. *Bradley v. Bradley*, 573 S.W.2d 378 (Mo.App. 1978); *Wells v. Harris*, 414 S.W.2d 343 (Mo.App.1967); *In re Estate of Laspy*, 409 S.W.2d 725 (Mo.App.1966).

2. The court had before it the evidence adduced in, as well as the entire file of, State v. Swindel, Cause No. CR382–142FX in the Circuit Court of Franklin County, Mo., as well as all other evidence submitted by the parties in this cause. While the jury verdict in State v. Swindel is not binding upon this court, the court does take note that the jury's verdict of manslaughter was returned under an instruction requiring no finding of intent while the instruction on second degree murder also submitted to and rejected by that jury required a specific finding of intent.

3. Even if Thomas Swindel could be found to have taken or caused his wife's death, and this court does not so find, such taking in the opinion of this court, was not intentional. The evidence before this court can be construed, at the very most to establish only an unintentional, accidental or involuntary taking of life.

4. In addition to the findings hereinabove made, Plaintiffs' Count IV must also be dismissed by reason of the doctrine of interspousal immunity in effect at the time of decision by this court. Plaintiffs' Count IV is derivative in nature; that is, because their mother had no cause of action against her husband, Thomas Swindel, for her injuries, Plaintiffs have no cause of action either. *Klein v. Abramson*, 513 S.W.2d 714 (Mo. App.1974). The doctrine of interspousal immunity being a substantive, rather than procedural, bar to suit, Plaintiffs are precluded as a matter of law from recovery. *Ebel v. Ferguson*, 478 S.W.2d

334 (Mo.1972); *In re Marriage of Lacey*, 659 S.W.2d 313 (Mo.App.1983).

The court therefore finds the issues and renders judgment in favor of Defendants and against Plaintiffs on Counts I, II and III of Plaintiffs' Petition, dismisses Count IV of Plaintiffs' Petition with prejudice, and assesses the costs of this action against Plaintiffs.

IT IS SO ORDERED.

This appeal followed.

Under their point (1), appellants charge that the trial court erred in refusing, over objection, to take any evidence in the proceedings. Respondents correctly point out varied violations of the rules which would warrant dismissal of this appeal. The matter is taken up ex gratia.

Appellants do not state the facts exactly correctly. The record indicates that the trial court did receive the parties' stipulation as evidence, along with the deposition of Thomas Swindel.

What appellants really object to is the trial court's action in taking judicial notice of the previous criminal file and transcript. Appellants rely upon the case of *Valter v. Orchard Farm School District*, 541 S.W.2d 550 (Mo.1976), in support of their contention that they were denied a right to be heard and hence denied constitutional due process.

Reliance upon *Valter* is misplaced. In the present case, appellants were present in court. It is obvious from the record that the parties, including appellants, knew of the trial court's intentions regarding the use and judicial notice of the prior criminal trial regarding the evidence and question of the intentional killing of Geraldine Swindel by Thomas Swindel. Appellants, along with all other parties, knew the trial judge was the same trial judge who presided over the criminal trial. Although appellants assert that they objected and the trial court proceeded over objection, the record does not bear out their assertion. As noted above, counsel for appellant "reserved" all objections after the court's decision to take judicial notice of the criminal file. Appellants also did not make any offer of proof

as to what their evidence would be to support their allegations of an intentional killing by decedent Thomas Swindel. Absent any timely objection, specific in nature, and no offer of proof, there is nothing preserved for review by this court on this point.

Appellants have failed to establish that an offer of proof would have been a useless gesture as was considered in *Miller v. Kamo Electric Cooperative, Inc.*, 351 S.W.2d 38, 43 (Mo.App.1961).

■ Point (1) is more clearly related to the situation found in *Cobb v. R.W. Beasley Construction Co.*, 536 S.W.2d 535 (Mo. App.1976), where it was ruled that a judgment will not be reversed upon an allegation that the trial court excluded evidence unless an offer of proof was made by the complaining party. This court finds that the ruling in *Cobb* is dispositive of appellant's point (1), and point (1) is found, under all the facts and circumstances herein, to be without merit and is ruled against appellants.

■ Under their point (2), appellants assert, as a matter of law, that a court cannot take judicial notice of the record and file of other proceedings, unless upon the request of a party such prior records are introduced into evidence. This simply is not the law.

■ While the practice by courts of taking judicial notice of other proceedings is not favored, it is not totally prohibited. It has been ruled that judicial expediency and justice may justify such action by a trial court. *Layton v. State*, 500 S.W.2d 267, 269 (Mo.App.1973). In the present case, the trial judge was the same trial judge who presided over the criminal trial of decedent, Thomas Swindel. In the transcript before this court, set out in part above, it is obvious that the trial judge was familiar with the issue of "intentional killing", which served as the basis of appellant's petition. It cannot be said that the trial court's action in taking judicial notice of the file, documents, and transcript of the criminal trial of Thomas Swindel was not justified under all the facts and circumstances herein and under the rule in *Layton.*

There is no merit to appellants' point (2) and it is ruled against them.

Under their point (3), appellants charge that the trial court erred in dismissing their claim for wrongful death upon the doctrine of interspousal immunity being a bar to such recovery.

■ Appellants' point (3) must be sustained. This result must be reached by the ruling of our state supreme court in *Townsend v. Townsend*, 708 S.W.2d 646 (Mo. banc 1986), which eliminated the bar to recovery for personal injuries because of the doctrine of interspousal immunity. The ruling in *Townsend* was explicit as to its application in regard to any and all cases in which no final order, decree or judgment had been entered. The record herein reveals that the judgment in this proceeding was entered subsequently to the ruling in *Townsend*, hence the portion of the present judgment dismissing appellant's claim for wrongful death must be reversed because of the ruling in *Townsend, supra.*

Respondents have argued that a reversal upon appellants' point (3) and further proceedings relative thereto will amount to a futile exercise, even if appellants prevail upon their claim for wrongful death. Respondents point out, and this court is aware, that there exists a real question as to whether appellants can enforce any judgment they might receive against decedent's estate, because of the possible failure of appellants to comply with § 473.360, RSMo Supp.1984.

■ This court reaches no decision on the question of whether appellants will be able to enforce any judgment they might obtain against the personal representative of the Thomas Swindel estate, out of and from the assets of the Thomas Swindel estate. That question, and any answer relative thereto, is premature. Certainly, the inability to recover from the estate is no bar to any action against the personal representative. *White v. Roberts*, 637 S.W.2d 332, 334 (Mo.App.1982). Section 473.360 does not prevent the bringing of an action

against the personal representative, it only prevents recovery from the assets of the estate if § 473.360 has not been followed.

That portion of the judgment herein related to recovery under Counts I, II, and III upon "an intentional taking of life" is affirmed.

That portion of the judgment herein relative to the trial court's judgment of dismissal of appellants' claim for wrongful death is reversed and the cause is remanded for further proceedings, if any, in conformity with this opinion.

DOWD, P.J., and REINHARD, J., concurs.