Marie C. Drengberg, Plaintiff-Appellant, v. Earl W. Gerke, Defendant-Appellee.

Gen. No. 51,836.

First District, Second Division.

October 13, 1967.

Delbert T. Been, of O'Brien, Hanrahan, Wolfe & Been, of Chicago, for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago (John J. Witous and James T. Ferrini, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Marie C. Drengberg brought an action to recover damages for personal injuries allegedly caused by the

wilful and wanton misconduct of Earl W. Gerke in the operation of an automobile in which plaintiff was an occupant. The mishap occurred in Indiana. The Indiana guest statute and the substantive law of that state govern the action. The plaintiff was a guest within the purview of that statute. It is undisputed that in order to recover, plaintiff was required to prove defendant guilty of wilful or wanton misconduct. The court entered judgment on the verdict for $7,500 for the plaintiff. Subsequently the court gave judgment notwithstanding the verdict for the defendant. Plaintiff appeals.

Plaintiff maintains that the issue of what constitutes wilful or wanton misconduct should have been left to the jury. The defendant says that the result reached was proper because as a matter of law defendant was not guilty of wilful or wanton misconduct. On September 9, 1962, defendant was involved in an accident on U. S. Route 6 in Indiana at a point more than two miles west of that road's intersection with U. S. 31. At that time defendant's wife and daughter along with plaintiff, who is his mother's sister, were guests in his automobile. At the scene of the occurrence Route 6 is a straight stretch of blacktop highway in a farming area with a lane for eastbound and a lane for westbound traffic. It was drizzling and dark as defendant followed a tractor-trailer unit from the intersection of Route 6 and Route 31 to the scene of the occurrence. The posted speed limit was sixty-five miles per hour for automobiles and fifty-five miles per hour for trucks. The tractor-trailer unit proceeded at a speed of forty to forty-five miles per hour. On approximately two occasions through the distance of more than two miles that defendant followed the truck, he attempted to pass but was prevented from doing so by eastbound traffic. Having waited until the road was clear and level and there was no oncoming traffic he accelerated to fifty miles per hour to a point approximately 50

feet behind the trailer and in an attempt to pass, moved into the eastbound lane. At this time his vision was not obstructed and he had "clear sailing." After entering that lane his vehicle hit a slippery spot which caused the left rear wheel of his vehicle to go off the road and onto the gravel shoulder. While attempting to gain control and get back on the road defendant found that he was heading directly under the trailer. At this time he had virtually lost control of the vehicle and was able only to avoid going under the unit. He was not able to prevent the right front portion of his vehicle from striking the left rear wheel of the tractor-trailer unit. Thereafter the right rear part of his vehicle came into contact with the unit and his car went into the ditch south of the road causing the injuries to plaintiff. There was no evidence that the accident was caused by anything other than defendant coming into contact with the unforeseeable slick spot in the road. Neither defendant's wife nor the plaintiff had any idea what had caused the accident. Plaintiff admitted that she had never had any occasion to complain of defendant's driving either before or at the time of the occurrence.

Although the Indiana Statute refers to the terms wilful or wanton in the disjunctive, the words have been held to be nearly synonymous since neither of them can be present without a conscious or intentional persistence in a known course of misconduct with a reckless indifference to consequences. Lee Bros. v. Jones, 114 Ind App 688, 54 NE2d 108. The definition of misconduct required for liability under the statute was set forth in Becker v. Strater, 117 Ind App 504, 72 NE2d 580, 581, wherein the court said that wilful or wanton misconduct consists of the conscious and intentional doing of a wrongful act or omission of a duty, "with reckless indifference to consequences, under circumstances which show that the

doer has knowledge of existing conditions and that injury will probably result." See Hoesel v. Cain, 222 Ind 330, 53 NE2d 165; Swinney v. Roler, 113 Ind App 367, 47 NE2d 846; Richey v. Sheaks (Ind App), 228 NE2d 429; Burke v. Burke, 135 Ind App 235, 191 NE2d 530.

Nothing in the record indicates that defendant's windshield was covered with mud or that his vision was obscured or that the windshield wiper did not adequately clear the spray and the falling rain. The evidence establishes that once defendant's left rear wheel left the road, he was in a position to do nothing other than attempt to regain control. He was never again parallel to the truck. The evidence establishes without contradiction that the accident occurred when, without reasonable expectation thereof, defendant's car was thrown out of control and into another vehicle.

 Defendant had followed a tractor-trailer unit for over two miles at a speed of forty miles per hour awaiting a safe opportunity to pass. Upon reaching a point where the road was level and clear and he had "clear sailing" defendant moved from a point approximately fifty feet behind the truck into the left lane and accelerated to approximately fifty miles per hour. After defendant brought his vehicle even with the truck, without a reasonable basis for anticipating what followed, his automobile struck a slick spot in the road. Thereafter he only had sufficient control of his vehicle to prevent an accident worse than that which occurred.

We conclude that under the circumstances the positioning of the vehicle in the lane for oncoming traffic in order to pass the truck-trailer unit did not present evidence establishing wilful or wanton misconduct.

The Indiana courts hold that wilfulness arises where one persists in a course of conduct which the law describes as reckless after knowledge of conditions has

been obtained. See Roop v. Woods, 134 Ind App 88, 186 NE2d 439. We think that the court was right in entering judgment notwithstanding the verdict in favor of the defendant.

Plaintiff states that the court improperly refused to allow her to amend her complaint to allege intoxication of defendant, to allow evidence of intoxication and the voir dire examination of the jury on that question. There was admittedly no evidence of probative value to support the proposed allegation or examination. The question of intoxication was not raised by plaintiff until after the jury had been selected. Plaintiff made no attempt or offer to introduce evidence of intoxication. The court did not err in refusing to allow the proposed amendment.

For these reasons the judgment notwithstanding the verdict for defendant and against the plaintiff is affirmed.

Judgment affirmed.

LYONS, P. J. and BRYANT, J., concur.