**Lawrence Edward GRIGGS, Plaintiff-Respondent,**

v.

**Forest Leroy RILEY, Defendant-Respondent, Stanley Joseph Martin, Defendant-Appellant.**

**No. 34331.**

Missouri Court of Appeals,
St. Louis District,
Division No. Two.

Oct. 31, 1972.

Motion for Rehearing and for Transfer to Supreme Court Denied
Dec. 11, 1972.

Application to Transfer Denied
Feb. 12, 1973.

Glen C. Schomburg, Kirkwood, for defendant-appellant.

Ray B. Marglous, Marglous & Marglous, Clayton, Warren Grauel, St. Louis, for plaintiff-respondent.

James S. Collins, II, Whalen & O'Connor, St. Louis, for defendant-respondent.

SMITH, Judge.

This automobile accident case reaches us upon a judgment of $5000 for plaintiff in accord with a jury verdict.

Although defendant has raised eleven points in this court, three of them relate directly to the most serious question of law presented—the applicability of Kennedy v. Dixon, Mo., 439 S.W.2d 173, to the facts here.

In *Kennedy* Missouri abandoned the rigid doctrine of *lex loci delicti* in determining the law to be applied in tort cases in favor of the more liberal approach advocated by Restatement (Second) on Conflict of Laws, § 145. There, two Missouri residents took a trip to New York and were returning. An accident occurred in Indiana and the passenger brought suit in Missouri against the administrator of her driver's estate. Our Supreme Court held, in utilizing the Restatement (Second) approach that the most significant relationship as to the rights and liabilities of the parties was in Missouri and the Indiana guest statute would not be applied to defeat plaintiff's recovery.

The case at bar presents what is purported, and at first blush appears, to be the opposite situation. At the time of the accident plaintiff-passenger and defendant-driver-owner were residents of Illinois.[1] They embarked upon a social trip from that state into Missouri with an anticipated return to Illinois the next day. While in Missouri, plaintiff was injured when the automobile being driven by defendant collided with another vehicle as defendant's car made a left turn off Lindbergh Blvd. in St. Louis County into a motel driveway. The driver of the second car was a Missouri resident and was joined as a party defendant. The court directed a verdict in his favor at the close of the plaintiff's case. At the time of the accident Illinois had a guest statute which would cover the relationship here, if applicable.[2]

In Kennedy v. Dixon, *supra,* the court gave the following guideline for future cases: ". . . [T]here occasionally may be factual situations in which it will be difficult to establish clearly that a particular state has the most significant relationship as to a particular issue or issues. If and when such situations arise, then the trial court should continue, as in the past, to apply the substantive law of the place of the tort." (l.c. 185).

The issue we are dealing with here is the relationship of the parties, and the liability to suit of the defendant, as a result of that relationship. It should be emphasized that as was true in *Kennedy* the substantive law of the place where the accident occurred is to be applied in determining whether defendant's actions constituted a tort sufficient to permit recovery by the plaintiff.

It must be noted that *Kennedy* involved what is frequently referred to as a "false" conflict of laws. This because the state of Indiana has no real state concern in whether a Missouri court permits a recovery by one Missouri resident against another Missouri resident simply because the accident fortuitously occurred in Indiana.

---

1. Plaintiff subsequently moved to Missouri.

2. Illinois Revised Statutes, ch. 95½, § 10–201 (1971).

Guest statutes and some other liability precluding rules are aimed either at the relationship between citizens or domiciliaries of the state or the circumstances under which the courts of that state will permit recovery. Neither was involved in *Kennedy*.

The case at bar involves, on the other hand, a true conflict situation. It is the policy of this state to compensate victims of negligent driving regardless of any host-guest relationship which may exist between the parties. It was [3] the policy of Illinois to protect gratuitous hosts from suit by ungrateful guests.[4] This essentially is a policy based upon a determination of what is the liability existing between persons entering into a relationship in its state. The parties here were residents of Illinois, and entered into their relationship in that state. Illinois has an interest in that relationship. Missouri is the state of the accident and more importantly, we think, the situs of the litigation. Because of its policy of compensation in the courts of this state, Missouri also has a real interest in the law to be applied.

Were we free to disregard the language of Kennedy v. Dixon, *supra,* we could resolve the conflict in one of two ways. First, we could adopt the positions taken in Wisconsin and Kentucky. Both of those states originally adopted the Restatement (Second) approach when confronted with the *Kennedy* fact situation. Each thereafter abandoned that method when confronted with the fact situation at bar in favor of what is called "choice influencing considerations" advocated by Professor Leflar.[5] Heath v. Zellmer, 35 Wis.2d 578, 151 N.W.2d 664; Conklin v. Horner, 38 Wis.2d 468, 157 N.W.2d 579; Arnett v. Thompson, Ky., 433 S.W.2d 109.

We find, however, that such an approach, much like the Restatement approach, tends merely to allow a court to weigh a list of possible considerations emphasizing those which permit a certain result, and deemphasizing those which lead to a contrary conclusion. It would appear better in this case to determine whether the relationship sought to be protected by Illinois is of sufficient actual importance to overcome the public policy of this state that seeks to compensate persons negligently injured on the highways of this state when the action is brought in the courts of this state. As to the transitory, temporary and occasional relationship which is involved in the guest-host situation we would have no hesitancy in saying it is not.[6]

In view of *Kennedy* and the constitutional mandate of Article V, Section 2, Mo.Const., V.A.M.S., we do not rest our decision on that ground. The court's decision in *Kennedy* abandoned, ". . . the inflexible *lex loci delicti* rule in favor of the rule set forth in § 145 of the Proposed Official Draft of Restatement (Second) on Conflict of Laws."

That section provides:

"§ 145. The General Principle

"(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

---

3. The Illinois guest statute has been amended since this accident to apply only to hitchhiker situations. Ill.Rev.Stat., ch. 95½, § 10–201 (1972).

4. Summers v. Summers, 40 Ill.2d 338, 239 N.E.2d 795; Davidson v. Pugh, 1 Ill. App.3d 670, 274 N.E.2d 205.

5. See Leflar, 41 N.Y.U.L.R. 267 (1966).

6. More permanent relationships involving residents of other states such as husband-wife or parent-child present different policy considerations, and we express no opinion on them.

"(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

"These contacts are to be evaluated according to their relative importance with respect to the particular issue."

But it is to be noted that Section 145 is framed in reference to Section 6. That section provides:

"§ 6. Choice-of-Law Principles

"(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

"(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied."

Since we are dealing here with the relationship between the parties, and since, as noted in *Kennedy,* the place of accident in this type of case is largely fortuitous, paragraphs 2(c) and (d) of § 145 would appear to provide the basis upon which determination is to be made. Those two paragraphs would, if considered alone, require that Illinois law governing the relationship be applied. But § 145 must be viewed from the proper perspective. The basic principles governing choice of laws are those enumerated in § 6. Section 145 simply provides that certain contacts may be taken into account in determining the choice of law *under the principles of § 6.* So we must examine the principles of § 6, paragraph 2. We now look at those principles.

As to (a) we can see little impact on interstate relations in the automobile accident field arising from application or non-application of the guest statute.

Principles (b) and (c) will be discussed hereinafter.

As the comments following § 6 make clear, principles (d), (e) and (f) have little or no application to negligence actions where the conduct resulting in damage is not planned in advance nor usually taken into account when the relationship is established. And the comments also make clear that (f) and (g), while beneficial, are always subservient to the achievement of desirable results. Principles (b) and (c) therefore become determinative.

■ Missouri's policy of compensation has heretofore been referred to. There is one additional matter which should be mentioned. The driver of the other car involved in the accident was joined as a party defendant and is a Missouri resident. Missouri has a contribution statute [7] between joint tort-feasors and Missouri has an interest in protecting the rights of Missouri residents under that statute. Application of the Illinois guest statute would obviate that right in this case. Granted no

7. Mo.Rev.Stat. § 537.060 (1969) V.A.M.S.

judgment was rendered against that driver, but the choice of law to be used in the trial obviously must be determined prior to verdict.

We then look to principle (c). It was the policy of Illinois to protect gratuitous hosts from the ingratitude of their guests. But the interest of Illinois in that policy has always extended only to its borders. Throughout the history of guest statute litigation in Illinois its courts have applied the *lex loci delicti* rule in determining the law which controlled the relationship of the parties and their liability to suit even where Illinois residents were concerned.[8] Even after the abandonment of that rule in favor of the Restatement (Second) approach, in interspousal immunity cases,[9] the *lex loci delicti* rule has still applied to guest-host cases.[10] On the basis of the cases decided by the Illinois courts, we cannot conclude otherwise than that had this case been brought in Illinois, the Missouri law, not the Illinois guest statute, would have been applied. In that posture we cannot find that Illinois has any particular interest in the application of its guest statute, even as to Illinois residents, beyond its borders. We are not constrained to afford Illinois hosts greater protection than Illinois courts would afford them, particularly when to do so conflicts with the policy of this state.

Such conclusion is also in accord with the direction of Kennedy v. Dixon, *supra,* that where it is difficult to determine what state has the most significant relationship to the particular issue the trial court should continue to apply the substantive law of the place of the tort. The court did not err in refusing to apply the Illinois guest statute.

 Defendant also complains that the court erred in giving M.A.I. 14.04 when it should have given M.A.I. 14.07. The former relates to left turning vehicles at intersections, the latter to vehicles turning left into driveways. The collision did occur when defendant attempted to turn left from Lindbergh Blvd. into a motel driveway. M.A.I. 14.07 was the proper instruction and it was error to give 14.04. Despite the presumption of prejudice in giving the wrong instruction[11] we are unable to find prejudice here. The instructions differ in only two respects. One is the use of "intersection" vis a vis "driveway." There was no dispute about where the accident occurred and we cannot believe the jury was confused by this difference. Secondly, 14.04 provides that if the approaching vehicle is so close as to create an "immediate hazard" if the turn is made then the approaching vehicle has the right-of-way. In 14.07 the words are "traffic hazard" rather than "immediate hazard."

If there is a difference between an "immediate hazard" and a "traffic hazard" it would seem clear that proving the former casts a greater burden on plaintiff than proving the latter. The instruction given was therefore at worst, more favorable to defendant than he was entitled to and so not prejudicial.

8. Bassi v. Morgan, 60 Ill.App.2d 1, 208 N.E.2d 341 (1965).

9. Wartell v. Formusa, 34 Ill.2d 57, 213 N.E.2d 544 (1966). Illinois has also applied the Restatement (Second) approach to the parent-child relationship. Aurora National Bank v. Anderson, Ill.App., 268 N.E.2d 552 (1971). But the Illinois court in both interspousal and parent-child cases has pointed out that those cases are matters of *family* law of the state of residence, not tort law. See also Graham v. General U. S. Grant Post No.

2665, V.F.W., 43 Ill.2d 1, 248 N.E.2d 657 (1969) applying the *lex loci delicti* rule to a suit by an Illinois resident against an Illinois resident in the Illinois courts for damages resulting from an accident in Wisconsin where plaintiff sought to invoke the Illinois Dram Shop Act. There the *Wartell* case is distinguished as involving family law.

10. Drengberg v. Gerke, 88 Ill.App.2d 368, 232 N.E.2d 145 (1967).

11. Murphy v. Land, Mo., 420 S.W.2d 505.

Defendant also objects to the admission of certain hospital records from Chanute Field Air Force Hospital. These records were identified by a member of the Judge Advocate's office stationed in St. Louis. He stated the records were received by him in response to a subpoena which he had forwarded to Chanute Field. He had no personal knowledge of the manner in which the records were kept. Nor did he testify concerning any regulations prescribing the method of keeping military hospital records or that these records appeared to have been kept in accord with such regulations. He concluded that the records were made in the regular course of business because "It was sent for and it came down."

The identification was totally inadequate to qualify the records for admission under the Business Records Act. Mo.Rev.Stat. 490.680 (1969) V.A.M.S. The foundation laid was in no way comparable to that in Tomlin v. Alford, Mo., 351 S.W.2d 705 [7, 8]. Rather it is like that found in Conser v. Atchison T. & S. F. Ry. Co., Mo., 266 S.W.2d 587 [12, 13] where the records were ruled inadmissible. The admission of these hospital records was erroneous. The parts read to the jury related to a broken rib, the existence of which was much in dispute. We cannot say the error was non-prejudicial.

We have carefully reviewed defendant's remaining points and find them to be without merit.

Because of the error in admitting the Chanute Field hospital records the cause is reversed and remanded. There is no dispute that plaintiff was injured in the accident. The cause is therefore remanded for new trial on the amount of plaintiff's damages only.

DOWD, P. J., and SIMEONE, J., concur.