Sandra MARTINEZ,
Petitioner-Respondent,

v.

Lydia M. LANKSTER,
Defendant-Appellant.

No. 41387.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 2, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 15, 1980.

Application to Transfer Denied
April 8, 1980.

Daniel E. Wilke, Carter, Brinker, Doyen & Kovacs, Clayton, for defendant-appellant.

Lawrence O. Willbrand, St. Louis, for petitioner-respondent.

SNYDER, Judge.

This personal injury action was instituted in the St. Louis County Circuit Court by plaintiff Sandra Martinez, who was allegedly injured by defendant in an automobile accident. Defendant moved to join plaintiff's husband, the driver of plaintiff's automobile, as a third party defendant for indemnity under authority of *Missouri Pac. R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo.banc 1978). The court denied the motion on the ground of interspousal immunity, designating its order as a final judgment, and defendant appeals from that ruling.

On appeal the issues before the court are: (1) whether the doctrine of interspousal immunity should be abrogated in that it serves no rational purpose, or, in the alternative, (2) whether a joinder of plaintiff's husband as a third party defendant under Rule 52.11 violates that doctrine. This court holds the doctrine of interspousal immunity should not be abrogated and the doctrine would be violated if a third party action were allowed in this case; accordingly, the trial court's judgment denying the third party petition is affirmed.

Defendant first claims that the trial court erred in denying her motion to join plaintiff's husband as a third party defendant in view of recent decisions in other states abrogating interspousal immunity. Immunity from tort actions between spouses has been the rule since the decision in *Rogers v. Rogers*, 265 Mo. 200, 177 S.W. 382 (Mo. 1915). In *Brawner v. Brawner*, 327 S.W.2d 808, 814[7, 8] (Mo.banc 1959), the court expressed a belief that a change in the traditional rule should be made by the legislature and not by the courts. The legislature has not seen fit to change the law, and therefore it still stands. This court is bound by the *Rogers* case, Mo.Const. Art. V, § 2, *State v. Hegwood*, 558 S.W.2d 378 (Mo.App.1977), *Pitts v. Malcolm Bliss Mental Health Center*, 521 S.W.2d 501 (Mo.App. 1975), and may not change the rule.

Defendant's second point is that even if the doctrine of interspousal immunity is held to be valid, her motion should be granted because a joinder of a spouse as a third party defendant does not constitute a suit against him. Therefore, according to her, the doctrine does not apply to this case. In support of her contention, she argues that the principle of fairness,[1] which was the basis of *Whitehead & Kales Co.*, *supra*, dictates that plaintiff's husband should share in the responsibility for plaintiff's injuries. In order to achieve a fair result, defendant argues, the distribution of joint tort liability must be based on relative fault. The joinder thus merely represents an enforcement of the equitable duty to share liability, and is not a recovery for the tort.

The Missouri Supreme Court was confronted with the issue of the effect of *Whitehead & Kales Co.* on Missouri's workmen's compensation law in *State of Missouri ex rel. Maryland Heights Concrete Contractors, Inc. v. The Honorable Franklin R. Ferriss*, 588 S.W.2d 489 (Mo.banc 1979), rehearing denied November 14, 1979. Under § 287.120.1, RSMo 1978, the employer of

an injured employee is "released from all other liability therefor whatsoever, whether to the employee or any other person. . . ." The court held that section prohibited the subcontractor of the plaintiff's decedent's employer from joining the employer as a third party defendant in a negligence action, since the employer was immune from liability to the subcontractor under § 287.- 120.1. It was also held that *Whitehead & Kales Co.* did not remove the immunity conferred by that section.

The dissent in *Maryland Heights Concrete Contractors* argued that *Whitehead & Kales Co.* adopted a system for the distribution of tort liability based on relative fault. Therefore, even though the employer could not be forced to pay any part of the judgment to the plaintiff, it still should be joined as a third party defendant for the sole purpose of ascertaining the subcontractor's relative fault.

The standard established by *Maryland Heights Concrete Contractors* is binding on this court. This court is not to consider whether the relative fault of the parties should be determined, but rather must ascertain whether plaintiff's husband is amenable to a suit in this case.

The dissent in the *Maryland Heights Concrete Contractors* case did express its belief that if the concept of relative fault were not used, a party immune from suit could not be joined as a third party defendant, for this would circumvent the purpose of the immunity.

"In this case the bar is raised by The Workmen's Compensation Law. The purpose of that Law would be circumvented if Charter, the employer, could be held liable to Maryland for Charter's relative fault in causing plaintiff's harm. Therefore, a judgment cannot be entered against Charter in this case. A similar situation, with similar result, would arise if the legal bar were in the form of a

---

1. In *Whitehead & Kales Co.*, the court held that " '[t]he essential thing is the attempt to be fair as between persons subjected to a common legal liability.' " [Citing Leflar, Contribution

and Indemnity Between Tortfeasors, 51 U.Pa.L. Rev. 130, 137 (1932)]. *Whitehead & Kales Co.*, *supra*, 469.

release given by the plaintiff to one of multiple defendants. *See e. g. State ex rel. Normandy Orthopedics, Inc. v. Crandall,* 581 S.W.2d 829 (Mo.banc 1979). Again, the purpose and function of the release would be circumvented if the released defendant could be held liable to other defendants for his relative fault in causing plaintiff's harm. Therefore, a judgment could not be entered against the released party."

Dissent, page 492. Similarly, in this case the policy of interspousal immunity would be nullified to a large extent if defendant were allowed to hold plaintiff's husband liable for his negligence. The action would accomplish indirectly an action which could not be accomplished directly. *Shell v. Watts,* 125 Ga.App. 542, 188 S.E.2d 269 (Ga. App.1972), reversed in part on other grounds, 229 Ga. 474, 192 S.E.2d 265 (Ga. 1972). The Restatement of Torts 2d, § 886A, comment (g) notes that:

"[i]f the one from whom contribution is sought is not in fact liable to the injured person, he is not liable for contribution. This is true, for example, if he has one of the immunities from liability heretofore recognized for members of the plaintiff's family, charities and governments. . . . In other words, his defense cannot be circumvented by the plaintiff's recovery against another tortfeasor, followed by a suit for contribution."

It is possible that the real effect of the joinder would be to make plaintiff's husband a defendant in the case. The dissent in *Maryland Heights Concrete Contractors* noted, on 492, that *Whitehead & Kales Co.* dealt with relative fault where "tortfeasors are added as *defendants* under Rule 52.11." [Emphasis added.] Therefore, the application of *Whitehead & Kales Co.* may be to make the husband a defendant, which is clearly impermissible. Even if not technically made a defendant, however, the practical effect of the third party action would still be to make plaintiff's husband liable for her injuries. In *Schroeder v. Longenecker,* 7 F.R.D. 9 (E.D.Mo.1947) the court noted at pages 11 and 12:

"What would be the effect of permitting defendant to implead plaintiff's husband? The case would proceed to trial and the results would be the same as if plaintiff had originally sued her husband jointly with defendant. Under proper instructions if the jury found the husband was solely responsible for plaintiff's injuries a verdict would be rendered solely against the husband. If the jury found the husband was jointly responsible for plaintiff's injuries it would render a judgment jointly against the two defendants."

The basis of a third party action is a common liability to the plaintiff. *Whitehead & Kales Co., supra,* 469. Where there is no common liability, as here, no contribution can be obtained. In *Hipp v. Kansas City Public Service Co.,* 237 S.W.2d 928, 931[4] (Mo.App.1951) the court stated that:

" 'The test of the propriety of third party impleader has been said to be whether the third party could have been joined originally as a defendant by plaintiff, or whether the third party is liable as a guarantor, surety, insurer or indemnifier of the principal defendant. *United States v. Jollimore (Holland Furnace Co.),* D.C.Mass.1941 [2 F.R.D. 148].' Page 362, 1947 Supp. Moore's Federal Practice, Vol. 1."

In *Ennis v. Truhitte,* 306 S.W.2d 549, 551 (Mo.banc 1957), overruled on other grounds, *Ebel v. Ferguson,* 478 S.W.2d 334 (Mo.banc 1972), the court stated that "[i]n the contribution cases, where the judgment creditor is the spouse of one of the tortfeasors against whom contribution is sought, liability is denied because the injured person 'had no enforceable right of action against the latter.' Annotation 19 A.L.R.2d 1003."

In support of her position defendant cites four cases of other jurisdictions which adhere to the minority rule that a joinder is allowable despite marital or family immunity. In two of these cases, *Puller v. Puller,* 380 Pa. 219, 110 A.2d 175 (1955), and *Perchell v. District of Columbia,* 444 F.2d 997 (D.C.Cir.1971), the courts based their ruling on the family member's equitable duty to

share in his relative liability. This approach was expressly rejected by the Missouri Supreme Court in *Maryland Heights Concrete Contractors, supra.* In *Paoli v. Shor,* 345 So.2d 789 (Fla. 4th D.C.A. 1977), affirmed *Shor v. Paoli,* 353 So.2d 825 (Fla. 1977), the court held that a joinder was permissible because it did not constitute a suit by the husband-plaintiff against his wife. As seen before, such an argument ignores the effects of holding the spouse amenable to third party suit. See *Schroeder, supra.* The court also held that the state's contribution law prevailed over its immunity law. In Missouri the rule is the opposite; the immunity controls.[2]

In *Zarrella v. Miller,* 217 A.2d 673 (R.I. 1966), the court held that the third party petition was not a suit by one spouse against another, and further held that the husband's liability for tort remained although his wife's cause of action against him could not be enforced. This reasoning is contrary to the majority of opinions which hold that the immune spouse is not jointly liable with the defendant and therefore cannot be joined as a third party defendant. See, e. g., *Blunt v. Brown,* 225 F.Supp. 326 (D.Iowa 1963) (interpreting Iowa law); *Chamberlain v. McCleary,* 217 F.Supp. 591 (E.D.Tenn.1963);[3] *Short Line, Inc. of Penn. v. Perez,* 238 A.2d 341 (Del. 1968); *Ennis v. Donovan,* 222 Md. 536, 161 A.2d 698 (1960); *Koenigs v. Travis,* 246 Minn. 466, 75 N.W.2d 478 (Minn.1956); *Kennedy v. Camp,* 14 N.J. 390, 102 A.2d 595 (1954);[4] *Fitzgerald v. Valdez,* 77 N.M. 769, 427 P.2d 655 (N.M.1967).

Finally, defendant argues that Missouri law itself recognizes a distinction between a suit against a defendant and third party practice. A defendant is permitted to bring a claim for indemnity after the statute of limitations has run on the plaintiff's claim against the defendant. *Simon v. Kansas City Rug Company,* 460 S.W.2d 596 (Mo.1970). Also, the defendant need not meet venue requirements in his impleader of a third party defendant. *State ex rel. Garrison Wagner Co. v. Schaaf,* 528 S.W.2d 438 (Mo.banc 1975). These cases involve procedural questions, and cannot be read so as to affect the substantive issues involved in this case. *Barker v. St. Louis County,* 340 Mo. 986, 104 S.W.2d 371, 378 (1937), citing *Jones v. Erie R. Co.,* 106 Ohio St. 408, 140 N.E. 366, 368, noted that, "The distinction between substantive law and procedural law is that 'substantive law relates to rights and duties which give rise to a cause of action,' while procedural law 'is the machinery for carrying on the suit.'" This being so, the cases cited by defendant are inapplicable to the substantive issue of plaintiff's husband's immunity from suit.

The judgment is affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.

---

2. *Maryland Heights Concrete Contractors, supra,* 490[1], held that "*Missouri Pacific Railroad Company v. Whitehead & Kales Company, supra,* does not remove the immunity conferred by section 287.120.1, *supra.*"

3. The *Chamberlain* case, like many others, recognized that if immunity is to be protected, such third party suits must be denied.

4. This case and others recognized that "[a]n interpretation of the Contribution Law that would sustain contribution in these circumstances would afford the means of rendering the husband indirectly liable to his wife in tort for negligence . . . ." *Kennedy v. Camp, supra,* 102 A.2d 599. The two parties are considered to be cast into an adversary position, and it is not enough to say the wife is not actually suing her husband for his negligence.