**MFA MUTUAL INSURANCE COMPANY, Plaintiff–Respondent,**

v.

**HOWARD CONSTRUCTION COMPANY, Defendant–Appellant,**

and

**William George, as Administrator of the Estate of Barbara Frances George, Kristy George and Amanda George, Defendants.**

**No. WD 31246.**

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Thomas R. Larson, Kansas City, for defendant–appellant.

Thomas A. Sweeny, John E. Turner, Kansas City, for plaintiff–respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

This is a declaratory judgment action brought by MFA Mutual Insurance Company to determine the extent of its coverage under an automobile liability insurance policy issued to William George. The trial court granted summary judgment to the insurance company, and Howard Construction Company, a party to associated litigation arising out of an automobile accident in which the George vehicle was involved, appeals.

On May 20, 1977, the wife of William George was operating the vehicle insured by MFA when a collision occurred resulting in her death and injuries to two George children who were passengers. At and near the accident site, Howard Construction Company was engaged in repair of the roadway, particularly the shoulders, and in subsequent litigation it was alleged that the accident was attributable to Howard's negligence in failing to post signs warning of the repair work ahead and the dangers thereby created.

A negligence action was brought by George and the two children for the wrongful death of the wife and mother and was pursued to judgment against Howard. On appeal of that case by Howard, this court affirmed in *George, et al. v. Howard Construction Company*, 604 S.W.2d 685, No. WD 30,499, handed down August 4, 1980, by Missouri Court of Appeals, Western District. For additional details of the accident and specification of the claims of negligence, the reader is referred to that opinion.

Subsequently, Amanda George, one of the two children, brought suit against Howard for her own injuries sustained in the accident, alleging that Howard's negligence was the proximate cause of the accident and of her injuries. On the basis of *Missou-*

*ri Pacific Ry. Co. v. Whitehead and Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978), Howard filed a third–party petition naming the estate of Barbara George, the deceased driver, and seeking contribution and apportionment of any damages recovered by Amanda on the ground that the driver's negligence caused or contributed to cause the accident and Amanda's resulting injuries. It is by reason of this third–party proceeding that insurance coverage on the George vehicle is brought in question.

In the action here, MFA sought and received a declaration that an exclusionary clause of the policy which precludes obligation under the bodily injury and property damage insurance agreements for such claims by members of the insured's family residing in the same household exonerates MFA from obligation to defend the third–party action brought against the Barbara George estate or to pay any sums ultimately adjudged due by reason of fault apportionment pursuant to the *Whitehead and Kales* principle. Howard contends on this appeal that the MFA exclusion clause does not apply in this case because the claim at issue is one by Howard against the Barbara George estate for indemnity, not a claim between family members encompassed in the policy exclusion. Alternatively, Howard argues that if the exclusion can be construed as applicable, it should be held void as against public policy because the *Whitehead and Kales* doctrine has effected a change in the law subsequent to the policy contract.

In practical consequence, it may well be that the *Whitehead and Kales* third–party indemnification claim is a phase of the litigation in which the original plaintiff has no direct interest because successful prosecution of the claim benefits only the third–party plaintiff, but decisions after *Whitehead and Kales* have not adopted this rationale. These cases have repeatedly stated that apportionment of fault and contributory payment liability are appropriate only where the contributing defendant added to the suit by the third–party action could have been joined by assertion of liability on the part of the original plaintiff. The

*Whitehead and Kales* concept is therefore not one of liability between concurrent tort–feasors but primary liability of the third–party defendant to the injured party.

Thus, in *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss*, 588 S.W.2d 489 (Mo. banc 1979), one Meiser was an employee of Charter Development Corporation and was killed by reason of the alleged negligence of Maryland. The latter sought to bring in Charter who, it was contended, shared the fault in conduct resulting in Meiser's death. The court held that the *Whitehead and Kales* apportionment theory did not apply to Charter which was immunized from common law negligence liability under the workmen's compensation law.

The Court of Appeals, Eastern District, applied the holding in *Maryland Heights Concrete Contractors* to a case in which the plaintiff automobile passenger sued the driver of the other colliding vehicle and the latter sought to join by a third–party action under *Whitehead and Kales* the passenger's husband, the driver. In *Martinez v. Lankster*, 595 S.W.2d 316 (Mo.App.1980), the court held the test under *Maryland Heights Concrete Contractors* to be that *Whitehead and Kales* joinder of contributing defendants is permitted only where the third party could have been joined as a defendant originally. Because the wife–plaintiff was barred by the doctrine of interspousal immunity in Missouri from suing her husband as driver of the automobile, he cannot be joined in a third–party contribution action by the original defendant.

This court followed *Martinez* in *Renfrow v. Gojohn*, 600 S.W.2d 77 (Mo.App.1980), where husband and wife had each sought damages from the driver of the other vehicle and the defendant pleaded contributory negligence of the husband as a basis to defeat his claim and for contribution to any recovery by the wife in the proportion of the drivers' respective degrees of fault. *Renfrow* notes the split of authority in other jurisdictions but relies on *Maryland Heights Concrete Contractors* and *Martinez*

as authority for the rule that immunity doctrines will prevail to defeat contribution among tort–feasors as exceptions to application of *Whitehead and Kales.*

In *Kohler v. Rockwell International Corp.*, 600 S.W.2d 647 (Mo.App.1980), this court reviewed the cases above cited in the context of the parental immunity doctrine. While *Kohler* was remanded to determine whether a factual basis existed to invoke parental immunity, the opinion indicates that parental immunity stands on the same ground as interspousal immunity as a bar to concurring tort–feasor contribution under *Whitehead and Kales.*

Finally, the court in *Parks v. Union Carbide Corp.*, 602 S.W.2d 188 (Mo. banc 1980), with an extensive dissent, considered the case of an injured workman who sued Union Carbide for injuries suffered while on the business of his employer, Chemline Corp. Union Carbide sought by a third–party action to obtain contribution from Chemline despite the latter's immunity under the workmen's compensation act. The claim was made that Chemline had assumed that obligation by contract. *Parks* reaffirms *Maryland Heights Concrete Contractors*, the other exceptions to *Whitehead and Kales* by implication and adds an additional exception, contractual agreement.

 Exceptions to *Whitehead and Kales* cited above and grounded on immunity of the third–party defendant from suit by the original plaintiff are discussed here, not because the Barbara George estate may assert any such immunity, but to demonstrate that the third–party action is derivative from the basic liability between the injured party and the third–party defendant. The death of Barbara George and the representative character of her estate as the third–party defendant do not alter MFA's basic policy coverage which extends to the Barbara George estate for liabilities alleged to have resulted from acts of the decedent during her lifetime. While Amanda could not have sued her mother because precluded by the parental immunity doctrine, and Howard was similarly barred from a third–

party action under the exceptions to *Whitehead and Kales* as noted above, the parental immunity ended upon Barbara George's death.[1] Thus, Howard may maintain the third–party action, as it has done, not because of independent standing, but because it is an action derivative from Amanda's cause in her own right.

 On the above analysis, the argument that the MFA exclusion does not apply to Howard's third–party claim is unsound. The issue as to public policy implicit in cases where *Whitehead and Kales* third–party practice introduces an interfamily claim otherwise excluded from insurance coverage leads to a similar conclusion. As noted earlier, the question will occur only where spousal, parental or other immunity doctrines do not bar a direct action between the family members. For this reason and because the third–party action in origin is the same as could be maintained by the original plaintiff, it is doubtful that any real distinction can be made because the third–party petition is filed by one seeking apportionment and contribution. Insurance policy exposure is neither enhanced nor reduced by this aspect of *Whitehead and Kales.*

The family immunity clause present in the MFA policy in this case has been approved and enforced by this court in cases where direct action was between family members of the same household as plaintiff and defendant. *State Farm Mutual Auto. Ins. Co. v. Thomas*, 549 S.W.2d 616 (Mo. App.1977). This has been the rule for the reason that language of this nature in policies is plain and unambiguous and the courts are required to give effect to the intention of the parties as expressed in their contract.

In the present case, it is unnecessary to decide the public policy issue which Howard argues and we expressly refrain from doing so, limiting this discussion of the point to the matters referred to above. As MFA has noted in its brief, Howard was adjudged liable in the prior wrongful death

1. *Brennecke v. Kilpatrick*, 336 S.W.2d 68 (Mo. banc 1960).

action despite a defense that Barbara George was contributorily negligent in causing the accident. The defenses of res judicata and collateral estoppel were pleaded in this declaratory judgment action by MFA. On oral argument, the parties virtually conceded that if Howard's appeal of the previous judgment was unavailing, the MFA argument was sound.

■ Res judicata, claim preclusion, is not a valid assertion in this case because Amanda George's personal injury claim was not the same cause of action pursued in the earlier case.[2] Res judicata only prevents relitigation of the same claim between the same parties. Under the situation here, however, collateral estoppel or estoppel by judgment does prevent relitigation of facts already decided, issue preclusion, in a former action involving the same parties. *Stadium Bank v. Milton*, 589 S.W.2d 338 (Mo. App.1979). In the earlier case, the judgment resolved this issue of Barbara George's contributory negligence adversely to Howard's contention on this account.

■ In *Oates v. Safeco Insurance Co. of America*, 583 S.W.2d 713 (Mo. banc 1979), the court set down the test to determine when issue preclusion by prior adjudication was to be applied. That decision modified the prior law by eliminating the requirement that the party asserting the estoppel also be bound thereby and by permitting a stranger to the original action to employ the estoppel defensively. Under this authority and by reason of the identity of the contributory negligence issue in the earlier case and as posed by Howard in its third–party action, that question is no longer open and is unavailable to Howard irrespective of the other points raised by Howard and treated in this opinion.

The judgment is affirmed.

All concur.

2. The parties have not raised and we do not consider the issue presented by failure of Amanda George to assert her claim against Howard for her own injuries in the previous action to which both she and Howard were parties.